U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

SEP 14 2010

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

10-3086

David A. Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
870-204-6024

RECEIVED
WD/AR
SEP 08 2010

Dear Fayetteville Federal District Court,

My name is David Stebbins. My address and phone number are listed in the header above. I am writing to file a new complaint, on top of my two existing ones, against the below defendant:

Wal Mart Stores, Inc.
1417 Highway 62 65 N 65 N
Harrison, AR 72601
(870) 365-8400

I am suing in violation of the Rehabilitation Act of 1973, since they participate in a variety of federally-financed employment programs. Therefore, I do not require an EEOC Notice of Right to Sue.

I applied for a variety of jobs at Wal Mart in Harrison, AR during the former half of August (although I cannot remember the exact date; that will probably be revealed during the Request for Production). They had me participate in a computerized "assessment," which seemed like an interview. However, many of the questions that they asked have the disparate impact of discriminating against people with Asperger Syndrome.

More to the point, they asked questions that involved customer interaction. This is one of the signature traits of Asperger Syndrome (tactlessness and social awkwardness). Wal Mart *might* be able to claim "bona fide occupational qualification" on some jobs, such as a cashier and greeter (although even that is iffy), but they cannot claim that direct customer interaction is a bona fide occupational qualification for other jobs, such as janitor, night shelf-stocker, etc., yet they denied me further consideration because I failed the assessment, which I am 99% sure would not have happened, had they not considered my answers to the customer interaction questions.

Had I been given a job that did not involve direct customer interaction, I could probably do it quite well. The only accommodation that would have to be put in place was to tell all the *coworkers* – and no one else – about my disability and instruct them to be understanding, sympathetic, and patient.

That was approximately one month ago. I seek injunctive relief, which includes full back pay and either guaranteed placement in a full-time job (no interviews, no applying, no nothing; there is a formal job offer right off the bat) or front pay.

I do not think that Wal Mart was deliberate in their discrimination. Therefore, not only am I not asking for punitive damages, but, if either Wal-Mart or the taxpayers are willing to foot the bill (and, furthermore, if I do not have to leave Harrison to do this), I would gladly mediate this case with Wal Mart. Again, I do not think that Wal Mart *deliberately* put these questions in for the specific purpose of being able to reject Aspergers patients, but it had the disparate impact, nonetheless.

However, if I do mediate the case, I will insist on the following conditions:

1. It either takes place here in Harrison, or a taxi is provided at no cost to me to transport me to Fayetteville (or, Berryville, or Las Angeles. I don't care).
2. Aside from the intra-city travel, I do not want to pay a dime for this mediation. Furthermore, I do not want this expense to be included in the litigation costs, should I

loose the case.  Either Wal Mart pays for the mediation, or the taxpayers pay for it.  Either way, I don't want to pay for it.

Furthermore, as you have noticed, like my other cases, I am applying for leave to proceed in forma pauperis.  If this application is approved, in accordance with the Federal Rules of Civil Procedure, Rule 4(c)(3), I would like you to have the US Marshal perform the service of the summons and complaint.

Thank you, and please update my case promptly.


Sincerely,
David Stebbins