IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
FEB 15 2011
CHRIS R. JOHNSON, CLERK
DEPUTY CLERK

**DAVID STEBBINS**                                                               **PLAINTIFF**

vs.                                     Case No. 10-3086

**WAL-MART STORES, INC.**                                       **DEFENDANTS**

## SUGGESTION IN SUPPORT OF MOTION TO CONFIRM ARBITRATION AWARD

Now comes Plaintiff David Stebbins, who respectfully submits the following suggestion in support of my motion to confirm the arbitration award.

Before I continue, allow me to emphasize that, by bringing this to your attention, I do not mean to challenge your competence in applying the law. I am merely concerned about the reasonable possibility that this issue may have slipped your mind, so I am bringing it to your attention, just in case. I am not saying that you are incompetent. I am merely saying that you are human.

As you are aware, I have submitted a motion to confirm an arbitration award, via a forfeit victory clause. Well, on the date of January 18, 2011, I served the Defendant's attorney, Jeffrey Spillyards, with a copy of the motion to confirm the arbitration award. A couple of screenshots of that email is enclosed, and is hereby incorporated by reference. Granted, only the body of that email can be seen, not any of the attachments. To that end, all I can do is swear, under penalty of perjury, that those attachments do indeed correspond to the equivalent documents that I filed with the court. Even if they do not, that email should have prompted Spillyard to actually look up the documents that really were filed with the court, on PACER, so it shouldn't matter in the long run.

According to Local Rule 7.2(b), the opposing party has fourteen (14) days after receiving a copy of a motion to file their suggestions in opposition of that motion. Since the copy of the motion was served on the defendant's counsel on January 18, 2011, that means that they had until February 1, 2011 to serve the court and Plaintiff with a suggestion in opposition to that motion. So far, I have seen

nothing to suggest that they have done that. I certainly do not recall their suggestion in opposition to my motion showing up in my mailbox.

Therefore, according to Local Rule 7.2(b), they should not be allowed to file any suggestions in opposition of my motion to confirm the arbitration award in the amount of $660,000,000,000.00.

Again, you are probably well aware of this; I merely wanted to bring it to your attention, just in case you are not aware of it.

Thank you for your time, and thank you for not holding me in contempt of court for questioning your competence.

David Stebbins

*David Stebbins*

1407 N Spring Rd,
APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DAVID STEBBINS**                                                                            **PLAINTIFF**

vs.                                          10-5125

**UNIVERISTY OF ARKANSAS & DAVID GEARHART**            **DEFENDANTS**

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of
     Plaintiff's Suggestion in Support of Motion to Confirm Arbitration Award.
was served on

Jeffrey Spillyards
425 West Capitol Avenue
Suite 1800
Little Rock, AR 72201-3525
Phone: (501) 688-8891
Fax: (501) 688-8807
jspillyards@mwlaw.com
Attorney for: Defendants

by transmitting a copy via facsimile transmission to 501-688-8807, on the 10th day of February, 2011.

*David S Stebbins*
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com

This is David Stebbins, the pro se plaintiff who, a few minutes ago, scheduled a 26(f) conference with you, for February 8, 2011, over the phone. During that conversation, I educated you about how the "whole ball game has changed," in this case, literally to the point where you may not even practice this area of law, anymore.

To show you exactly what I am talking about, I have attached the actual motion that I have filed with the court, as well as all the exhibits that I enclosed in support of that motion, except for Exhibit A.

As for Exhibit A, I actually censored 90% of the exhibit, because only a few clauses were actually relevant in this case. I will now copy and paste the few sentences that were *not* censored, so you may review them. This will stand in for Exhibit A.

------

My name is David Anthony Stebbins, and I live in Harrison, AR. I am sending a link to this webpage to various companies to put you on notice. If you contact me in any way, shape, or form, you hereby acknowledge that you have read, understand, and agree to be legally bound by the terms below.

This contract shall be entered into if you contact me in any way, shape, or form, including, but without limitation, telephone, email, snail mail (whether U.S. Postal Service, United Parcel Service, Fedex, or any other method of physical delivery), in-person conversation, etc.

This will also take effect if I attempt to contact you, and, upon hearing my name, you do not cease communications with me on the spot.

...

You hereby agree that you, as well as any principal or employer that you are acting on behalf of, will initially attempt settle all legal disputes, even those not relating to this contract, semi-binding arbitration, using the services of www.net-arb.com, where you are bound, but I am not.

If you even so much as attempt to litigate a case with me, even if that attempt is unsuccessful, you automatically loose that case.

If you do not accept my invitation to arbitrate within 7 days after receiving it, then I automatically win the amount I request, regardless of the merits of the case.

------

This is what the *new* case is about. Thank you for your time.

Sincerely,
David Stebbins