IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DAVID STEBBINS**                                                  **PLAINTIFF**

vs.                                   **Case No. 10-3086**

**WAL-MART STORES, INC.**                                  **DEFENDANTS**

**MOTION TO CONFIRM ARBITRATION AWARD**

Now comes Plaintiff David Stebbins, who respectfully moves for the court to confirm the following arbitration award.

Before I begin, allow me to warn you: I can perceive a number of problems that you might have with this case, at first glance, but please continue to read on, and you will soon find out that my case is not as frivolous as you think.

On Tuesday, November 8, 2010, at approximately 8:36PM, I sent an email to the defendants. This email was a formal offer for a contract, which stated, among other things, the following:

1. The contract is entered into if they initiate communications with me, for any reason. There were other actions they could perform to accept this contract, but this is the action they *did* perform. Therefore, whether or not I could have bound them if they performed any of the other actions, is a moot point. **Again, please read the enclosed brief before you make any rash decisions.**

2. We must refer all legal disputes, not just those related to this contract, to arbitration, using the services of www.net-arb.com, an online arbitration firm that gives arbitration hearings for as low as $299. This is the mutual consideration needed to form a contract – we *both* save time and money in any legal disputes between us, using arbitration. This applies to both of us, and, therefore, there is sufficient consideration. In fact, the consideration provided in arbitration is so blatant that it often stands alone as its own contract (when we arbitrate cases on a case-by-case basis, the arbitration agreement stands alone as its own contract, yet is still perfectly valid).

3. If they do not accept the arbitration invitation with 24 hours of receiving it, I automatically win, regardless of the merits of the case. **Again, Your Honor, please hear this motion out, in its entirety, before ruling on it.**

On the date of Wednesday, November 17, 2010, Wal-Mart sent me an email stating that my case had been moved to the regional headquarters, and I was invited to call them to settle the issue.

I sent an email to Wal-Mart *again*, on the date of Sunday, November 21, 2010, reiterating that I have sent them a contract with them, and that initiating communications with me, in any way, would cause them to accept. More details will be provided in the brief.

On the date of Wednesday, November 24, 2010, Wal-Mart emailed me *again*, stating, once again, that the case has been turned over to the regional office, and I was invited to call the regional headquarters to settle the matter.

For reasons that will be explained in the brief, this causes them to be bound. When they responded, a second time, they ran out of excuses. Details will be provided in the brief.

Later that day, on Wednesday, November 24, 2010, I filed a case against Wal-Mart, using www.net-ARB.com as the arbitration firm, per the arbitration agreement. This arbitration was supposed to settle the employment discrimination dispute that we were litigating in Case #10-3086. According to the contract, they had until November 27, 2010 to accept the arbitration invitation, or else I win, automatically. The contract gave a time limit of 24 hours after they receive it, but it typically takes the Wal-Mart support team 48 hours to sift through all the emails, and finally get around to reading mine.

Rather than accept the invitation to arbitrate within the specified time limit, they did not accept it at all! Net-ARB, themselves, arbitrarily (no pun intended) closed the case on December 6, 2010, which was four times the time limit.

Let me put it this way: In litigation, parties typically have 30 days to respond to a request for admissions, otherwise all the facts that they failed to respond to were admitted. The court might go

easy on them if they were a few days late, but if they take four months to respond, that's it; game over.

Likewise, Wal-Mart took four times the allotted time limit, and still did not accept the invitation to arbitrate.

I now wish to invoke the forfeit victory clause. For reasons explained in the brief, I do not feel that the forfeit victory clause was unconscionable, because it is, essentially, nothing more or less than the arbitration equivalent of a default judgment. In any event, the validity of the forfeit victory clause is something that the arbitrator must decide.

I wish to point out that there is **no** error in my calculation of an arbitration award. I have not put on too many zeroes onto the arbitration award I sought. I put that in there due to a penal damages clause in the contract (normally, a court would not enforce a penal damages clause, but that is something that the arbitrator must decide).

Wherefore, I respectfully pray that you promise to confirm the arbitration award that I sought on the date of November 24, 2010, in the amount of $660,000,000,000.00. It is so requested, on this 18th day of February, 2011.

Sincerely,

David Stebbins