IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                      PLAINTIFF

v.                                        CASE NO.  10-3086

WAL-MART STORES, INC.                                                       DEFENDANT

BRIEF IN SUPPORT OF WAL-MART'S MOTION FOR PARTIAL
SUMMARY JUDGMENT RELATED TO ARBITRATION CLAIM

Defendant Wal-Mart Stores Arkansas, LLC ("Wal-Mart"), erroneously identified as "Wal-Mart Stores, Inc.," by its attorneys, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., submits its Brief in Support of Motion for Partial Summary Judgment Related to Arbitration Claim.

I.  Introduction

On February 15, 2011, Plaintiff filed with the Clerk of the Court a "Suggestion in Support of Motion to Confirm Arbitration Award."  *See* Pltf's "Suggestion in Support of Motion to Confirm Arbitration Award" [Doc. # 17], attached to Wal-Mart's Motion as Exhibit "1."  The Clerk thereafter sent Plaintiff a letter noting the various deficiencies and problems associated with his recent submissions, and noting that, despite the filing of his "Suggestion in Support," no Motion to Confirm Arbitration Award had been filed. [Doc. # 18].  On February 18, 2001, Plaintiff filed a "Motion to Correct Judicial Error," to which he attached a Motion to Confirm Arbitration Award and other documents.  *See* Pltf's "Motion to Correct Judicial Error" [Doc. # 19], attached to Wal-Mart's Motion as Exhibit "2."  To the extent Plaintiff's allegations pertaining to arbitration are at issue in

this lawsuit, Wal-Mart is entitled to summary judgment and the dismissal of Plaintiff's claim related to arbitration. Plaintiff has no cognizable claim related to arbitration.

## II. Procedural Background and Facts Assumed to Be True for Purposes of this Motion Only.

Plaintiff filed suit in this matter alleging that Wal-Mart's Retail Pre-Employment Assessment works a disparate impact on individuals with Asperger Syndrome. [Doc. # 1]. Based on this allegation, Plaintiff asserts a claim pursuant to the Rehabilitation Act of 1973. *Id.* Plaintiff's "Suggestion in Support of Motion to Confirm Arbitration Award" and his "Motion to Correct Judicial Error," with attached exhibits, can be accurately summarized as follows:

- Plaintiff alleges that he and Wal-Mart agreed to utilize an "online arbitration firm that gives arbitration hearings for as low as $299" to resolve all disputes between them. [Doc. # 19-1 at page 1 of 60].

- Plaintiff alleges that "contacting [him] in any way" constituted Wal-Mart's "acceptance" of an arbitration offer. [Doc. # 19-1 at page 4 of 60].

- Attached to Plaintiff's "Motion to Correct Judicial Error" are a number of emails. Plaintiff wrote to Walmart Customer Service that the company had accepted his offer of arbitration. [Doc. # 19-1 at page 20 of 60]. He explained how the company had done so: "You accepted that offer on November 11, 2010, when I purchased a gallon of milk from you, using a paper check. This check had my name and street address on it, so you knew who I was. Also, your employees asked to see my ID, and I showed them my driver's license, so you had every opportunity to know who I was, then." Plaintiff included a link to a "myspace" website, explaining, "Here is the contract that you entered into with me." Plaintiff added, "So, now, we must hold all legal disputes via arbitration, whether you like it or not!"

- Plaintiff also urges that emails he received from Walmart Customer Service constituted acceptance of an arbitration offer. Plaintiff attaches to his "Motion to Correct Judicial Error" one such email which states, in part, "Thank you for your recent correspondence. Your message has reached the office that exclusively

2

assists with customer-related matters." The email directed Plaintiff to contact the Store's Market Manager regarding his issues. [Doc. # 19-1 at page 19 of 60].

- Plaintiff also argues that if Wal-Mart did not accept arbitration within "24 hours of receiving it, I automatically win, regardless of the merits of the case." [Doc. # 19-1 at page 2 of 60].

- Plaintiff explains, "I now wish to invoke the forfeit victory cause." [Doc. # 19-1 at page 3 of 60].

- Plaintiff asserts he is entitled to 660 billion dollars from Wal-Mart, noting "no, that is **not** a typo." [Doc. # 19-1 at page 5 of 60 (emphasis in original)] and [Doc. # 17 at page 2 of 5].

- Plaintiff cites purported authority in support of the award, and adds a "theoretical" example: "I could have a contract with a hitman, and, as long as there's an arbitration clause, it is out of your hands. The actual murder itself may be referable to court, as it is a matter of criminal law, but the contract, and the breach thereof, is still in the hands of the arbitrator." [Doc. # 19-1 at page 13 of 60].

### III. Argument

There was never an agreement between Plaintiff and Wal-Mart to arbitrate. "The essential elements of a contract are: (1) competent parties; (2) subject matter; (3) legal consideration; (4) mutual agreement; and (5) mutual obligations." *MDH Builders, Inc. v. Nabholz Constr. Corp.*, 70 Ark. App. 284, 288, 17 S.W.3d 97, 100 (2000). Even if one assumes, for the sake of argument, that all other elements could be satisfied in this case, it is beyond dispute that Wal-Mart and Plaintiff did not reach a "mutual agreement" regarding arbitration. Arkansas courts have repeatedly held:

> Before an agreement becomes binding there must be a meeting of the minds of both parties as to *all* terms. A meeting of the minds is defined as an agreement reached by the parties to the contract and expressed therein, or as the equivalent of mutual assent and mutual obligation.

*Adametz v. Adametz*, 85 Ark. App. 401, 410, 155 S.W.3d 695, 701 (2004) (quoting *Dev. & Constr. Mgmt., Inc. v. City of North Little Rock*, 83 Ark. App. 165, 119 S.W.3d 77 (2003)). In determining whether there was a "meeting of the minds" sufficient to create a contract, courts must look to "objective indicators" not "subjective opinions." *Ward v. Williams*, 354 Ark. 168, 180, 118 S.W.3d 513, 520 (2003).

The present case does not provide a single "objective indicator" to support Plaintiff's claim that Wal-Mart agreed to participate in a 660 billion dollar on-line arbitration, with such arbitration involving a "forfeit victory clause." One cannot reasonably conclude that a contract for arbitration was consummated by Plaintiff's purchase of a gallon of milk or by his receipt of form emails from Walmart Customer Service. The present case simply does not include any colorable claim related to arbitration because there was no "meeting of the minds" related to arbitration.

## IV. Conclusion

For the reasons stated herein, Wal-Mart is entitled to summary judgment on Plaintiff's claim related to arbitration. Plaintiff's efforts to "confirm" an arbitration award should be dismissed with prejudice.

Respectfully submitted,

**/s/ Marshall Ney**
Ark. Bar No. 91108
**/s/ Kathlyn Graves**
Ark. Bar No. 76045
**/s/ Jeffrey L. Spillyards**
Ark. Bar No. 2004159

Mitchell, Williams, Selig,
Gates & Woodyard, P.L.L.C.
425 West Capitol Ave., Suite 1800
Little Rock, Arkansas 72201
(501) 688-8800
*mney@mwlaw.com*
*kgraves@mwlaw.com*
*jspillyards@mwlaw.com*

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2011, I mailed this document by U.S. Mail to the following non CM/ECF participant:

David A. Stebbins
1407 N. Spring Rd., Apt. # 5
Harrison, Arkansas 72601

**/s/ Jeffrey L. Spillyards**