IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DAVID STEBBINS**                                                                    **PLAINTIFF**

**v.**                         **CASE NO. 10-3086**

**WAL-MART STORES, INC.**                                **DEFENDANT**

**STATEMENT OF UNDISPUTED FACTS IN SUPPORT
OF WAL-MART'S MOTION FOR PARTIAL SUMMARY
<u>JUDGMENT RELATED TO ARBITRATION CLAIM</u>**

Defendant Wal-Mart Stores Arkansas, LLC ("Wal-Mart"), erroneously identified as "Wal-Mart Stores, Inc.," by its attorneys, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., submits its Statement of Undisputed Facts pursuant to Rule 56.1 of the Rules of the United States District Courts for the Eastern and Western Districts of Arkansas.

Wal-Mart assumes, only for the purposes of this Motion, that the facts as alleged by Plaintiff are true.

1. Plaintiff filed suit in this matter alleging that Wal-Mart's Retail Pre-Employment Assessment works a disparate impact on individuals with Asperger Syndrome.

2. Based on this allegation, Plaintiff asserts a claim pursuant to the Rehabilitation Act of 1973.

3. On February 15, 2011, Plaintiff filed with the Clerk of the Court a "Suggestion in Support of Motion to Confirm Arbitration Award."

4. The Clerk thereafter sent Plaintiff a letter noting the various deficiencies and problems associated with his recent submissions, and noting that, despite the filing of his "Suggestion in Support," no Motion to Confirm Arbitration Award had been filed.

5. On February 18, 2001, Plaintiff filed a "Motion to Correct Judicial Error," to which he attached a Motion to Confirm Arbitration Award and other documents.

6. Plaintiff's "Suggestion in Support of Motion to Confirm Arbitration Award" and his "Motion to Correct Judicial Error," with attached exhibits, assert the following:

    a. Plaintiff alleges that he and Wal-Mart agreed to utilize an "online arbitration firm that gives arbitration hearings for as low as $299" to resolve all disputes between them. [Doc. # 19-1 at page 1 of 60].

    b. Plaintiff alleges that "contacting [him] in any way" constituted Wal-Mart's "acceptance" of an arbitration offer. [Doc. # 19-1 at page 4 of 60].

    c. Attached to Plaintiff's "Motion to Correct Judicial Error" are a number of emails. Plaintiff wrote to Walmart Customer Service that the company had accepted his offer of arbitration. [Doc. # 19-1 at page 20 of 60]. He explained how the company had done so: "You accepted that offer on November 11, 2010, when I purchased a gallon of milk from you, using a paper check. This check had my name and street address on it, so you knew who I was. Also, your employees asked to see my ID, and I showed them my driver's license, so you had every opportunity to know who I was, then." Plaintiff included a link to a "myspace" website, explaining, "Here is the contract that you entered into with me." Plaintiff added, "So, now, we must hold all legal disputes via arbitration, whether you like it or not!"

    d. Plaintiff also urges that emails he received from Walmart Customer Service constituted acceptance of an arbitration offer. Plaintiff attaches to his "Motion to Correct Judicial Error" one such email which states, in part, "Thank you for your recent correspondence. Your message has reached the office that exclusively assists with customer-related matters." The email directed Plaintiff to contact the Store's Market Manager regarding his issues. [Doc. # 19-1 at page 19 of 60].

  e. Plaintiff also argues that if Wal-Mart did not accept arbitration within "24 hours of receiving it, I automatically win, regardless of the merits of the case." [Doc. # 19-1 at page 2 of 60].

  f. Plaintiff attempts to assert "the forfeit victory cause." [Doc. # 19-1 at page 3 of 60].

  g. Plaintiff asserts he is entitled to 660 billion dollars from Wal-Mart, noting "no, that is **not** a typo." [Doc. 19-1 at page 5 of 60 (emphasis in original)] and [Doc. 17 at page 2 of 5].

7. Wal-Mart is entitled to summary judgment because there was no agreement between Plaintiff and Wal-Mart to arbitrate anything.

        Respectfully submitted,

        **/s/ Marshall Ney**
        Ark. Bar No. 91108
        **/s/ Kathlyn Graves**
        Ark. Bar No. 76045
        **/s/ Jeffrey L. Spillyards**
        Ark. Bar No. 2004159

        Mitchell, Williams, Selig,
        Gates & Woodyard, P.L.L.C.
        425 West Capitol Ave., Suite 1800
        Little Rock, Arkansas 72201
        (501) 688-8800
        *mney@mwlaw.com*
        *kgraves@mwlaw.com*
        *jspillyards@mwlaw.com*

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 28, 2011, I mailed this document by U.S. Mail to the following non CM/ECF participant:

David A. Stebbins
1407 N. Spring Rd., Apt. # 5
Harrison, Arkansas 72601

**/s/ Jeffrey L. Spillyards**