U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

MAR 03 2011

CHRIS R. JOHNSON, CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DAVID STEBBINS**     **PLAINTIFF**

vs.     **Case No. 10-3086**

**WAL-MART STORES, INC.**     **DEFENDANTS**

## SUGGESTION IN OPPOSITION TO DEFENDANTS'
## MOTION FOR PARTIAL SUMMARY JUDGMENT

    Comes now Plaintiff David Stebbins, who hereby submits the following suggestion in opposition of the defendants' motion for partial summary judgment and dismissal of my arbitration claim.

    Before I begin, allow me to explain that this will not have a brief. I do not feel that a brief is legally required, as this is not a motion, but rather, a suggestion in opposition to a motion.

    That being said, I wish to emphasize that there is no error in naming the defendants. The contract that I have with Wal-Mart binds all of Wal-Mart Stores, Inc., not just its Arkansas subdivision. The defendant in the employment discrimination litigation may be Wal-Mart Stores Arkansas, LLC, but the defendant in this arbitration confirmation claim is Wal-Mart Stores, Inc.

    Second, I point out that the defendants raised only *one* dispute regarding this contract claim. That dispute was that there was no mutual agreement, aka no meeting of the minds. They disputed nothing else. Therefore, all other elements of the claim go unopposed. Therefore, I will neglect to comment on those issues.

    Regarding the meeting of the minds claim, I disagree that there are no objective indicators. At the very least, I think there are *enough* indicators that each parties' actual understanding of the terms is irrelevant.

    Allow to explain what I mean, not by case law, or even a statute, but by simple common sense. This is an example of a hypothetical case, where the law is so clear on it, it would bind this court, even

in a civil law jurisdiction. What I mean by that is, civil law has binding precedent, also, but that binding precedent is achieved by a doctrine called *jurisprudence constante*, rather than *stare decisis*. According to the Louisiana Supreme Court, the main difference between the two doctrines is, with stare decisis, a single court case is enough to set binding precedent, whereas, in jurisprudence constante, a series of consistent court cases is necessary to bind civil law judges. See *Willis-Knighton Med. Ctr. v. Caddo-Shreveport Sales & Use Tax Comm'n.*, 903 So.2d 1071, at n.17 (La. 2005).

To that end, the example I am about to give you is so well-established that even a civil law judge would be bound by it. It concerns signs on a door.

If a store (let's use Wal-Mart, for the sake of using parties in this case) had a sign on their door. This sign was clearly visible. The sign stated "Read this before entering! By entering this property, you hereby agree to be bound by the following terms," followed by some unambiguous contractual terms, like a limitation of liability waiver, and yes, even an arbitration agreement.

After the sign was erected, a security camera shows a customer walking through that door, without blinking an eye, giving no indication that that shopper knew that sign was there, would she be bound? I would certainly think so. Why? Because the sign was clearly visible, it clearly stated that walking through the door would constitute their acceptance, and the remainder of the terms were unambiguous.

The contract that I sent Wal-Mart over email was also unambiguous. No reasonable person, upon actually *reading* the contract, would misunderstand the terms. The only explanation is that Wal-Mart's employees never actually *read* the blasted thing. However, that is not my problem. It is Wal-Mart's fault for failing to actually *read* the cotract. They could have read the contract, but, for whatever reason, chose not to. Remember, "[c]ourts... are most frequently moved to help those who help themselves." See *Metro Motors, LLC v. Nissan Motor Corporation*, 8th Circuit Court of Appeals, Case #02-1342/1466.

Therefore, the sheer raw unambiguity of the contractual terms accomplishes either of the

following:

1. It establishes the required mutual agreement, aka meeting of the minds, or

2. It effectively dissolves the *need* for there to be a meeting of the minds in the first place.

Remember, Your Honor, the example I gave you, although hypothetical, is still a realistic situation, and you would already know how you would be required to rule, in that case. That hypothetical case clearly demonstrates that, as a matter of law, as long as the contract was sufficiently communicated (need I remind you that the element of offer is not in dispute; therefore, the offer *was* sufficiently communicated), then meeting of the minds is achieved by having unambiguous contractual terms. This would bind the court, even if this were a civil law jurisdiction, rather than a common law one.

Wherefore, I respectfully pray that you deny the defendants' motion for partial summary judgment, and subsequently confirm the arbitration award.

It is so humbly requested, on this 1st day of March, 2011.

*David Stebbins*
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
### HARRISON DIVISION

**DAVID STEBBINS**                                                                           **PLAINTIFF**

vs.                                                                        **10-3086**

**Wal-Mart Stores, Inc.**                                                             **DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of
   Plaintiff's Suggestion in Opposition to Defendants' Motion for Partial Summary
   Judgment
was served on

Jeffrey Spillyards
425 West Capitol Avenue
Suite 1800
Little Rock, AR 72201-3525
Phone: (501) 688-8891
Fax: (501) 688-8807
jspillyards@mwlaw.com
Attorney for: Defendants

by mailing a copy via to 425 W. Capitol Ave, Suite 1800, Little Rock, AR 72201, on the 1st day of March, 2011.

*David Stebbins* (signature)

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com