IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

MAR 04 2011

CHRIS R. JOHNSON, CLERK
BY _____
DEPUTY CLERK

**DAVID STEBBINS**                                                                                                      **PLAINTIFF**

vs.                                                    Case No. 10-3086

**WAL-MART STORES, INC.**                                                         **DEFENDANTS**

## SUPPLEMENT TO SUGGESTION IN OPPOSITION OF MOTION

Comes now Plaintiff David Stebbins, who respectfully submits the following supplement to my recently-filed suggestion in opposition of the plaintiff's motion for summary judgment on my motion to confirm the arbitration award.

First, allow me to point out that, after reading the motion more carefully, I noticed that, not only were several key facts not contested; they were outright admitted. This can be found in their "undisputed facts" section. In that section, they assumed, for the purposes of this pending motion only, the "the following statements *as alleged by the Plaintiff*" are true. In other words, they assumed that they are true, as I described them.

During that section, they admitted that I sent them an email containing a contract offer. Therefore, they are admitting to the element of offer.

They also admitted that communicating with me in any way causes them to be bound. They are admitting to the element of acceptance.

In their brief, they assumed that competent parties, subject matter, legal consideration, and mutual obligation are either established, or unnecessary (e.g. mutual obligation is unnecessary in federal court, in an arbitration agreement). Therefore, the defendants have agreed to them.

The only dispute – the *only* dispute – is whether or not there is a genuine meeting of the minds, using objective indicators.

Before we can decide whether or not there was a meeting of the minds, we must first determine... just what, exactly, *is* meeting of the minds? Well, I can not afford a copy of Black's Law

Dictionary, so I am reduced to using free, online legal dictionaries. According to legal-dictionary.thefreedictionary.com, "meeting of the minds" is defined thusly:

> "when two parties to an agreement (contract) both have the same understanding of the terms of the agreement. Such mutual comprehension is essential to a valid contract. It is provable by the express provisions of a written contract, without reference to any statements or hidden thoughts outside the writing. There would not be a meeting of the minds if Bill Buyer said, "I'll buy all your stock," and he meant shares in a corporation, and Sam Seller said, "I'll sell all my stock to you," and meant his cattle."

If the defendants disagree with that definition, they may raise said objection in a response to this document. Perhaps they can include a scanned page out of Black's Law Dictionary as an exhibit, as proof that their source's definition is correct over my source's definition. Until then, I will act as if "meeting of the minds" has the definition provided above.

To that end, I firmly assert that the only reason the Defendants did not understand the contract is because they did not *read* it. The court can read the uncensored parts of the contract. All censored parts are things that the arbitrator must decide. Is there any doubt in the court's mind, upon actually *reading* the contract, what, exactly, the uncensored parts mean? If it is not, then the preponderance of the evidence indicates that the defendants only misunderstood the contract because they did not read it.

Besides, the currently-assumed definition provides that meeting of the minds can be proven "by the express provisions of a written contract, without reference to any statements or hidden thoughts outside the writing." Well, this contract is in writing, is it not? Well, at least, it is "in writing" up to the point that browse wrap agreements and signs on a door are in writing. For details on browse wrap agreements, see my brief in support of my motion to confirm the arbitration award. For details on signs on a door, see the suggestion in opposition that this document supplements.

The example given in the above-quoted dictionary article shows that a meeting of the minds is typically not established when the terms of a contract are ambiguous and can be interpreted in more than one way. That is not the case, here. The uncensored parts of the contract (as well as the censored ones; we merely do not need to consider them) are clear and unambiguous. No one, upon actually

reading them, would misunderstand the terms. The only explanation is that Wal-Mart did not actually read the contract.

Wherefore, I respectfully pray that you deny the defendants' motion to dismiss my motion to confirm the arbitration award, and subsequently confirm it. It is so requested, on this 2nd day of March, 2011.

*David Stebbins*
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                           PLAINTIFF

vs.                                        10-5125

UNIVERISTY OF ARKANSAS & DAVID GEARHART                      DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Plaintiff's Supplement to Suggestion in Opposition was served on

Jeffrey Spillyards
425 West Capitol Avenue
Suite 1800
Little Rock, AR 72201-3525
Phone: (501) 688-8891
Fax: (501) 688-8807
jspillyards@mwlaw.com
Attorney for: Defendants

by mailing a copy to the above-stated address on March 2, 2011.

/s/ David Stebbins

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com