U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HARRISON DIVISION**

MAR 1 0 2011

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

**DAVID STEBBINS**                                                      **PLAINTIFF**

**vs.**                                          **Case No. 10-3086**

**WAL-MART STORES, INC.**                                      **DEFENDANTS**

### REPLY TO DEFENDANTS' SUGGESTION IN SUPPORT OF
### MOTION FOR PARTIAL SUMMARY JUDGMENT
### RELATED TO ARBITRATION CLAIM.

Comes now Plaintiff David Stebbins, who, in an attempt to shut the defendants up, once and for all, hereby submits the following binding precedent in my favor, on this issue.

Defendants argue that they never agreed to arbitrate anything with me, because there was no meeting of the minds, and no objective indicators. I replied, stating that there was a meeting of the minds, because the contract was so unambiguous that no reasonable person, upon actually reading the contract, would be confused as to its terms.

Apparently, the defendants disagree. They believe that, as a matter of law, definitiveness in the terms is, alone, sufficient to establish meeting of the minds. Well, maybe this will finally shut them up. May it please the court that I hereby submit the following binding precedent in my favor.

The case is *Shelton v. Kennedy Funding, Inc*. It is from the 8th Circuit Court of Appeals, and uses Arkansas law, via the Erie Doctrine. The case number is 09-1670.

I will now copy and paste the exact, word for word text of this court opinion that sets direct binding precedent in my favor.

> "The Estoppel Certificate's terms were not too vague. KFI argues the Estoppel Certificate "was simply too vague and indefinite for there to be a meeting of the minds," citing the Estoppel Certificate's failures to identify an escrow agent or define certain terms and phrases. Even though the Estoppel Certificate may not be

a model of clarity, we hold a reasonable jury could find the document's terms were sufficiently definite to impose an obligation upon KFI to place $675,000 in an escrow account for Shelton's benefit in the event Acklin defaulted on the bridge loan. That is all Arkansas law requires. See DaimlerChrysler, 289 S.W.3d at 470 (limiting the vagueness inquiry to whether "[t]he terms of [the] contract . . . provide a basis for determining the existence of a breach and for giving an appropriate remedy").

The district court did not err in denying KFI's motion for judgment as a matter of law as to Shelton's breach-of-contract claim."

There it is in black and white. What more do you need? The contract terms (at least the ones in dispute) are definite, and that is all Arkansas law requires! That is all Arkansas law requires!

*That is all Arkansas law requires!!!*

This contract has a meeting of the minds because it is unambiguous. Period. Dot. End of sentence. End of story. Gave over, Plaintiff wins!

I hope that this document has proven, once and for all, that there are objective indicators demonstrating a meeting of the minds, and the defendants will finally shut up and accept their defeat.

Thank you, and please proceed to confirm the arbitration award. It is so requested, on this 9th day of March, 2011.

David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
Phone:  870-204-6024
stebbinsd@yahoo.com

## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## HARRISON DIVISION

**DAVID STEBBINS**                                              **PLAINTIFF**

**vs.**                                    **10-3086**

**Wal-Mart Stores, Inc.**                                    **DEFENDANTS**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of
        Plaintiff's Second Reply to Defendants' Suggestion in Support of Motion
was served on

Jeffrey Spillyards
425 West Capitol Avenue
Suite 1800
Little Rock, AR 72201-3525
Phone:  (501) 688-8891
Fax:  (501) 688-8807
jspillyards@mwlaw.com
Attorney for:  Defendants

by mailing a copy to 425 W. Capitol Ave., Suite 1800, Little Rock, Ar 72201 on the 9th day of March,
2011.

                                                   *David Stebbins*
                                                   David Stebbins
                                    1407 N Spring Rd, APT #5
                                          Harrison, AR 72601
                                    Phone:  870-204-6024
                                    stebbinsd@yahoo.com

David Stebbins
1407 N Spring Rd
APT #5
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701

NORTHWEST AR PSDF
09 MAR 2011 PM

USA FIRST-CLASS FOREVER