U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

MAR 10 2011

CHRIS R. JOHNSON, CLERK

BY _____
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                            PLAINTIFF

vs.                       Case No. 10-3086

WAL-MART STORES, INC.                                    DEFENDANTS

### REPLY TO DEFENDANTS' SUGGESTION IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT RELATED TO ARBITRATION CLAIM.

Comes now Plaintiff David Stebbins, who respectfully submits the following reply to the Defendant's reply suggestion in support of the motion for partial summary judgment relating to the arbitration claim.

Defendants admitted that "meeting of the minds" means "mutual comprehension" or "mutual understanding." However, they apparently missed the most important part of my suggestion in opposition. I begged the question, why *didn't* they understand the contract?

Allow me to put it this way: Suppose this contract was entered into via handwritten signatures. Would there be a meeting of the minds, then? The contract is so unambiguous that the odds of them misunderstanding it, upon actually reading it, would be astronomical. It would not even be so much as a reasonable doubt, let alone enough to refute a preponderance of the evidence.

The preponderance of the evidence clearly shows that the defendants most likely misunderstood the contract because they did not read it. Courts have never granted relief to a party in a contract case simply because they did not read it. Why, if that was a valid grounds with which to vacate a contract, that would just be too easy! Everybody would be doing it!

If the contract is unambiguous to the point where Wal-Mart would have no chance at all

of getting relief by denying that a meeting of the minds occurred, had the contract been formed by applying our handwritten signatures at the bottom of the page, then the contract becomes a matter of offer and acceptance, not meeting of the minds. The defendants have failed to deny the elements of offer and acceptance; therefore, the elements of offer and acceptance are officially admitted. See Fed. R. Civ. P. Rule 8(b)(6).

There are sometimes when a meeting of the minds is required, and other times when it is the defendants' fault entirely that a meeting of the minds does not exist. The Plaintiff should not be punished by loosing his bargain because the defendants were idiots. I repeat: There would have been a meeting of the minds (or, at the very least, an unambiguous rejection) if the defendants actually read the contract. If they entered into a contract without reading it, that is their fault.

That is my objective indicator: The terms of the contract are so unambiguous that it is impossible for there to not be a meeting of the minds unless the defendants did not read them. If they did not read it, that is their fault; it is not sufficient to deny meeting of the minds. My objective indicator is the sheer raw unambiguity of the contract terms. You want an objective indicator? There is one right there. It is my firm belief that an unambiguous contract term, in and of itself, is an objective indicator. Once the contract is ruled unambiguous, no further objective indicators are necessary; that is an objective indicator in and of itself.

It is so submitted on this 9th day of March, 2011.

David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DAVID STEBBINS**  PLAINTIFF

vs.  10-3086

**Wal-Mart Stores, Inc.**  DEFENDANTS

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of
    Plaintiff's Reply to Defendants' Suggestion in Support of Motion
was served on

Jeffrey Spillyards
425 West Capitol Avenue
Suite 1800
Little Rock, AR 72201-3525
Phone: (501) 688-8891
Fax: (501) 688-8807
jspillyards@mwlaw.com
Attorney for: Defendants

by transmitting a copy via fax to 501-688-8807 on the 8th day of March, 2011.

*David Stebbins*

David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com

David Stebbins
1407 N Spring Rd
APT # S
Harrison, AR 72601

NORTHWEST AR P&DF
AR 727 1 T
06 MAR 2011 PM

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701

72701+5353