David Stebbins
1407 N Spring Rd.
APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com

Dear Mr. Spillyards,

    This is David Stebbins, plaintiff against your client, Wal-Mart in the federal case #10-3086. By now, you should have received my two replies to your suggestion in support of your motion, where I articulate the objective indicator that establishes meeting of the minds. I trust now you realize that I'm not playing games with you. Now, I trust you realize that you cannot win this one.

    However, all is not lost for your client. Your client can still ask Congress for a bail-out. Given the situation, I think this is a time when even the most libertarian of Congressmen would feel that a bail-out is justified.

    I think Congress is going to consider a bail-out for this, anyway. I am also doing this contract thing to the University of Arkansas. However, unlike with you, the arbitration award that I have against them is $50,000,000, with the outstanding balance increasing tenfold every day since Feb. 4, 2011. This means that, by now, their outstanding debt has increased to $5 x $10^{45}$ (five times ten to the forty-fifth power dollars), or $5,000,000,000,000,000,000,000,000,000,000,000,000,000,000,000! Easily, this is the largest accounts receivable in the history of manking, and it's only going up! It will be $5 x $10^{46}$, tomorrow!

    Anyway, the University of Arkansas has also fallen victim to this contract, which means that you will both go bankrupt unless Congress bails you out, and I don't think Congress wants to loose such vital assets to the American and Arkansan economy as Wal-Mart and the University of Arkansas.

    I would gladly negotiate an accord and satisfaction, as long as Congress is getting directly involved. See, aside from the fact that your client simply can't pay this judgment (your client's current net worth is a little bit over $70 billion, not $660 billion), and a bail-out would allow me to collect the entire amount, but also, the federal government has something that I want, that money cannot buy. So, I will negotiate an accord and satisfaction if the Congress appoints a delegate to come and talk to me about it.

    Of course, I won't exactly be "negotiating," per se. Rather, it will be an adhesion contract. The way I see it, I will already have all the money I could ever want, even if I only collect $70 billion from your client, so if they are not willing to give me the thing I want, then they can get the fuck out.

    However, if you're going to do this, know this: I want whatever the delegate signs during that conference to have the force of a federal statute, duly passed by a majority of both houses of Congress and signed by the President, a la a personal bill. This should not be too hard to do, since it will take that kind of legislation to give the delegate the power to enter into that contract on the US's behalf, in the first place. However, I want the bill that gives the delegate the power to do this to explicitly state, unambiguously, that the delegate's agreement has the force of a federal statute.

    However, I don't want to sign the contract, and then the Senate must still approve it, like a

EXHIBIT A

treaty. No, I want the delegate to sign it, and then, boom, the federal government is bound, instantly, no fuss no muss. It would have taken a majority of the Senate to give the delegate the power to do that, in the first place, so I don't see why we need the Senate's approval, a second time.

You might cast doubts on whether the Congress can just agree blindly to whatever the delegate wants to do, but that is simply not true. In fact, one of the first laws ever passed by Congress did exactly that: The Executive Order Act of 1790 was signed into law by President George Washington, and it stated that the President had the power to issue Executive Orders, which would have the force of law, without any prior approval from Congress.

Another example of this is *stare deicis*. See, we had a civil law court system, to begin with, but then, Congress and the state legislatures passed laws that said "The Common Law system of England is hereby adopted." In civil law jurisdictions, stare decisis does not exist, as it negates the thought that only the legislature can make law. However, in common law systems, it's not so much that the courts can make law; it's that the legislature *gave* some of its lawmaking power to the courts!

So, regarding whether or not Congress can blindly agree to a contract that a delegate enters into, not only can be it be done, but it *has been done* in the past!

I am more than willing to sign an accord and satisfaction, so long as the contract, immediately upon being signed, has the force of a federal statute.

I hope that you will do this, so that your client can stay in business. Note that there is no chance in hell that your client can pay this lawsuit, themselves. Your have lobbyists working for you, so I imagine that you know who to send and ask for a bail-out. You may see if Wal-Mart and the University of Arkansas are willing to split the bill for the lobbyist; I don't know, I don't care. That was just a suggestion.

In any event, please get that delegate sent to me, a.s.a.p. Thank you.

Sincerely,

*David Stebbins*
David Stebbins