IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
MAR 18 2011
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

**DAVID STEBBINS**                                                                      **PLAINTIFF**

vs.                            **Case No. 10-3086**

**WAL-MART STORES, INC.**                                          **DEFENDANTS**

## REPLY TO DEFENDANTS' SUPPLEMENT TO MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now Plaintiff David Stebbins, who hereby submits the following reply to the Defendants' Supplement to their Motion for Partial Summary Judgment.

The Defendants' supplement should be ignored on the grounds that it is irrelevant. Even if it is deemed relevant, the matter is still effectively admitted in my favor.

1. As stated before, the Defendants' have denied one – and only one – element of my claim to confirm the arbitration award: That the parties in this case have not reached a meeting of the minds. All other elements are technically admitted, due to the defendants failing to deny them. Fed. R. Civ. P. 8(b)(6). The defendants did not claim that I "tricked" them in their initial reply. Therefore, they must directly tie it to their claim that there is no meeting of the minds in order for the issue to relevant.

2. It is unclear to me how this alleged letter has anything to do with whether or not there is a meeting of the minds, and trust me, I have made a good faith attempt to try to see what they are getting at. There may be a few issues – such as unclean hands or unilateral mistake – where a fact such as the one the defendants are claiming may become relevant. However, meeting of the minds is not one of them. Again, I repeat and emphasize that they have raised only one denial: Meeting of the minds. Nothing else. Nothing else at all, and, as a direct result, they are stuck with that one defense.

3. Even then, if I may turn your at. tion to the brief in my original motion, I stated that "there is no

fraud, and, therefore, no unilateral mistake." Therefore, I alleged that there . no fraud. The defendants failed to deny that allegation, and, there

4. Even if it were relevant, they still officially admitted it when they failed to deny it. Yes, I even alleged a *lack* of fraud – which I assume they mean when they say that I "tricked" them – in my brief in support of my original motion. I stated "there is no fraud, and, therefore, no unilateral mistake." They did not deny my allegation that there was no fraud. Therefore, just as they have failed to deny everything else, they have failed to deny an absence of fraud.

5. But let us entertain their claim that I "tricked" them. Did I really? I disagree that I "tricked" them, or, at least, up to the point where I can actually be considered at fault for the alleged trickery. I firmly assert that everything I did was done right under the defendants' noses. How would you feel if you were on a jury for shoplifting, and the security camera footage showed that only two people were in the store at the time of the crime: The store clerk, and the defendant. The security camera clearly shows the defendant slipping the item that was shoplifted into his pocket and walking out the door, while the clerk stood there, watched him, but did not try to stop him. If that happened, you would probably be a lot more inclined to acquit the defendant than if the clerk had demonstrated some kind of outrage at the defendant's conduct, would you not?

6. Of course, just because such a situation constitutes reasonable doubt does not mean that it can refute a plaintiff's preponderance of the evidence, so let me give you an example that hits a bit closer to home. Imagine if I were shopping at a store, and I purchase an item that, after tax, costs $100.58. By mistake, I hand the cashier $1.58, thinking the $1.00 bill to be a $100.00 bill. The clerk takes the money, gives me the item, thanks me for my patronage, invites me to return any time, and watches me leave. Then, the store attempts to sue the customer for stealing $99.00 from them. Would you feel that the store would be entitled to this relief? I certainly think not. They had every opportunity to recognize the mistake.

7. The point I am trying to make is that, even if I "tricked" them, it would not matter because it is *their* fault that they fell for the alleged "trick." I may have "tricked" them – maybe, maybe not – but they were idiots for falling for it. I did not scam them; I laid everything out, in black and white. They had everything they needed to realize what was going on; it is not my fault that they did not take it.

8. For example, how would you feel if you were judging a diversity case involving an automobile transaction. The Plaintiff claims that the defendant – the car dealership – "tricked" him into purchasing a sub-par car for an inflated price, but the facts clearly show that the Plaintiff had ample time and sufficient resources to research the industry standards and inspect the quality of the car, but chose not to take that opportunity. Would you side with the Plaintiff, or would you side with the Defendants? If I were in your shoes, I would certainly side with the defendants.

9. In conclusion, the defendants' supplement should be disregarded because fraud or trickery is irrelevant to whether or not there was a meeting of the minds, which is the only thing the Defendants get to fight, and, even if it were, the defendants should not be allowed to have this claim dismissed, simply because I "tricked" them, because they could have prevented themselves from falling victim to any potential "tricks," and did not prevent themselves from doing so. I repeat what has practically become a signature catch phrase of mine: "Courts... are most frequently moved to help those who **_help themselves_**." *Metro Motors, LLC. v. Nissan Motor Corp.*, 8th Circuit Court of Appeals, Case #.

It is submitted on this 17th day of March, 2011.

/s/ David Stebbins
David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                          PLAINTIFF

vs.                                           Case No. 10-3086

Wal-Mart Stores, Inc.                                                                 DEFENDANTS

## CERTIFICATE OF SERVICE

The undersignReply to Defendants' Supplement.
    Reply to Defendants' Supplement to Motion for Partial Summary Judgment
was served on

Jeffrey Spillyards
425 West Capitol Avenue
Suite 1800
Little Rock, AR 72201-3525
Phone:  (501) 688-8891
Fax:  (501) 688-8807
jspillyards@mwlaw.com
Attorney for:  Defendants

by transmitting a copy via facscimile to 501-688-8807 on the 17th day of March, 2011.

_____
David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
Phone:  870-204-6024
stebbinsd@yahoo.com

David Stebbins
1407 N Spring Rd
APT #5
Harrison, AR 72601

NORTHWEST AR POGF
AR 727
17 MAR 2011 PM

72701+3353

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701

USA FIRST CLASS FOREVER