Spillyards,

You are truly a pathetic piece of work. You are truly a sight to behold. I can't believe that you would grasp at these kinds of straws. Look at the University of Arkansas; they realize that there is nothing they can do, so they did not fight it.

Maybe I am talking over your head. Arkansas does, indeed, come in 48th place in the nation, in terms of literacy rates, so let me try saying this using one-syllable words.

1. You say that we did not meet the minds on this case, but you did not say that I am wrong else where in the case, at first, so the law says that you can't say that I'm wrong else where in the case, at all. Get it through your thick damned skull.
2. It is Wal Mart's fault if there was a trick in this case. They could have seen the trick and stopped it, but they did not. That is their fault. Get it through your thick damned skull. I do not think that I tricked you, but it still does not mean jack squat. Get it through your thick damned skull.

I hope this has helped you understand that your pathetic attempts are merely delaying the inevitable.

Furthermore, I want to point out that the contract that your clients are bound by – the very contract which gave rise to this arbitration claim in the first place – also states, among other things, the following:

1. They may not raise any objections, deny any facts, or raise any defenses or avoidances, in any legal disputes, that are, ultimately, not held up in court or arbitration.
2. If they violate any provision of this contract, they must pay me a million dollars. Normally, a court would not enforce a provision such as this, but that is not for the court to decide; it is for the arbitrator to decide.

So, when you are finished with your pathetic grasping at straws, your clients will owe me an additional two million dollars... one million for denying meeting of the minds, and another million for asking the court to dismiss the claim because I "tricked" you.

Thank you for your time, and I hope you rot in hell.

Sincerely,<br>David Stebbins

EXHIBIT B