U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

MAR 21 2011

CHRIS R. JOHNSON, CLERK

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                              PLAINTIFF

vs.                                            Case No. 10-3086

WAL-MART STORES, INC.                                                             DEFENDANTS

### SECOND REPLY TO DEFENDANTS' SUPPLEMENT TO MOTION FOR PARTIAL SUMMARY JUDGMENT

Comes now Plaintiff David Stebbins, who hereby submits the following second reply to the defendants' supplement to their motion for partial summary judgment.

The defendants claimed that I "tricked" them into agreeing to a $660 billion arbitration that contained a forfeit victory clause. I did no such thing. In my last reply, I mentioned how it was irrelevant, and also raised the affirmative defense of contributory negligence, in the event that it was ruled to be relevant. I will now take this opportunity to explain how, even without either of those two replies, I would still be entitled to have their supplement ignored.

When they say I "tricked" them, I assume they mean that I committed fraud. I did no such thing. I did a little research. As it turns out, a cause of action (or, in this case, an affirmative defense *to* a cause of action) for fraud has five elements, according to Arkansas law. They are thus:

1. The one accused of fraud made a false representation of material fact to the one making the accusations of fraud,
2. The accused knew that the representation was false,
3. The accused intended to induce reliance on the part of the accuser,
4. justifiable reliance on the part of the accuser, and
5. Damages were suffered by the accuser.

See the Arkansas Supreme Court case of *Woodend v. Southland Racing Corporation*. The case number for this Arkansas Supreme Court case is 99-063. Here is a url to the web page on

the Arkansas Judiciary's website that will take you directly to this court opinion.

http://courts.arkansas.gov/opinions/1999a/19990506/99-063.html

The defendants, when initially pleading that I "tricked" them, failed to sufficiently plead all five of these elements. Rather, they only pleaded one: Damages suffered by the accuser. Even that was not clearly stated; I merely inferred it. Therefore, their claim of fraud should be dismissed for failure to state a claim upon which relief can be granted.

Even if they sufficiently pleaded all five of these elements, they have an uphill battle to climb when it comes to proving them. They cannot prove them because there is no evidence; there is no evidence because these elements simply do not exist.

I challenge the defendants to state a specific false representation that I made to the defendants. Let us take baby steps, and start with simply stating, in detail, what representations I made that I knew were false. Proof can come later; right now, I just want the defendants to tell me what false representation of material fact they intend to prove that I made to them.

Furthermore, I challenge them to justify how their reliance on this false representation of fact was justifiable. In other words, explain to me how any reasonable person would have believed me on this false representation of material fact (which, I repeat, does not exist).

Honestly, I am disappointed by the defendants' legal team. I would have expected the largest retailer in the world to have better attorneys on staff than this. Let us go down the list of stupid, crackpot mistakes this legal team has made.

1. They failed to deny any element of my claim, except meeting of the minds.
2. They raised an affirmative defense, without clearly articulating any of the necessary elements.
3. The defense that they stated had nothing to do with meeting of the minds.

4. Even absent those two claims, the elements they need to prove this defense simply do not exist.

5. Even if they exist, I have the counter-defense (for lack of a better term) of contributory negligence.

I do not care if this is not normally within these attorneys' practice areas; fraud is a very basic issue of law, and they should have learned about the requirements for that in *law school*! Even if they are honestly, in good faith, unaware of all of this, I managed to find this case law in only a few minutes; there is simply no excuse for this laziness and outright refusal to do any research.

It is like this, Your Honor: I am not asking you to personally condone what I am doing. I am merely asking you to understand and accept that, from a purely legal and objective standpoint, there is not much with which to disqualify my case, and rule in my favor, accordingly.

Wherefore, I respectfully pray that you end this mindless batting around of pointless legal arguments, strike the defendants' motion for partial summary judgment, confirm the arbitration award as specified in my original motion, award costs incurred, sanction the defendants for filing frivolous defenses, and other relief that the court finds appropriate.

It is so requested, on this 18th day of March, 2011.

*David Stebbins*
David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DAVID STEBBINS**                                                                          **PLAINTIFF**

vs.                                                    Case No. 10-3086

**WAL-MART STORES, INC.**                                            **DEFENDANTS**

## CERTIFICATE OF SERVICE

I, Plaintiff David Stebbins, hereby certify that a true and correct copy of my reply to the defendants' supplement (document #31) has been delivered to Jeffrey Spillyards, attorney for the defense, by faxing a copy to his fax number at 501-688-8807, on the 18th day of March, 2011.

*David Stebbins*
David Stebbins
1407 N Spring Rd, APT #5
Harrison, AR 72601
Phone: 870-204-6024
stebbinsd@yahoo.com

David Stebbins
1407 N Spring Rd
APT #5
Harrison, AR 72601

U.S. ~~~~ District Court
35 E. Mountain St
Room 510
Fayetteville, AR 72701