IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                               PLAINTIFF

     v.                              Civil No. 10-3086

WAL-MART STORES, INC.                                                              DEFENDANT

## ORDER

     Pending before me are a number of motions filed by the Plaintiff. The motions are: (1) a motion for appointment of counsel (Doc. 8); (2) a motion for declaratory judgment (Doc. 11); (3) a motion to withdraw the motion for declaratory judgment (Doc. 12); (4) a motion to correct judicial error (Doc. 19); and (5) a motion for ECF and PACER account. Also pending is a motion to confirm an arbitration award (Doc. 20) and a motion for partial summary judgment filed by Defendant (Doc. 22). The last two motions will be addressed separately.

**Motion for Appointment of Counsel** (Doc. 8)

     Plaintiff requests appointment of counsel under 28 U.S.C. § 1915(e). In Mallard v. United States District Court, 490 U.S. 296, 301-02 (1989), the Supreme Court held that 28 U.S.C. § 1915 does not authorize a federal court to require an unwilling attorney to represent an indigent litigant in a civil case. Section 1915 (e) (1) provides as follows: "the court may request an attorney to represent any person unable to afford counsel." "Indigent civil litigants do not have a constitutional or statutory right to appointed counsel." Edgington v. Missouri Dept. of Corrections, 52 F.3d 777, 780 (8th Cir. 1995) (citation omitted). "Once indigent *pro se* litigants meet their burden of showing that their complaints are not frivolous . . . counsel should be [requested] if the district court determines it is necessary." Id. The decision to appoint counsel in civil cases is committed to the discretion of the District Court. See Nelson v. Redfield Lithograph Printing, 728 F.2d 1003, 1004

(8th Cir.1984).

The standard used in determining the necessity of requesting counsel to represent the litigant is whether both the litigant and the court would benefit from the assistance of counsel. See Edgington, 52 F.3d at 780. "Factors bearing on this determination include: the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues.'" Id. (quoting Nachtigall v. Class, 48 F.3d 1076, 1081 (8th Cir. 1995)); see also Stevens v. Redwing, 146 F.3d 538, 547 (8th Cir. 1998); Bumgarner v. Malin, 97 F.3d 1456 (8th Cir. 1996); Johnson v. Williams, 788 F.2d 1319, 1322-23 (8th Cir. 1986).

In this case, Plaintiff merely asserts he would like counsel to be appointed for him. He does not indicate why appointment would be appropriate in this case or suggest he is unable to continue to represent himself.

Upon review of the file, I note Plaintiff has filed a variety of motions including a motion to compel arbitration. In the motion to compel arbitration, Plaintiff has provided case citations and clearly has an understanding of the issues involved. Nothing suggests the Plaintiff is unable to represent himself in this matter. The motion for appointment of counsel (Doc. 8) is denied.

**Motion for Declaratory Judgment & Motion to Withdraw** (Doc. 11 & Doc. 12)

Plaintiff filed a motion for declaratory judgment on November 15, 2010 (Doc. 11). On November 16, 2010, he filed a motion to withdraw (Doc. 12) the declaratory judgment motion. The motion to withdraw (Doc. 12) is granted. The declaratory judgment motion (Doc. 11) is considered to be withdrawn.

**Motion to Correct Judicial Error** (Doc. 19)

In this motion, Plaintiff states his motion to confirm arbitration had been filed in Case No.

10-3123 which was closed because it was duplicative of this case. Plaintiff asks that the motion to confirm arbitration be filed in this case.

The motion (Doc. 19) is denied as moot. Plaintiff submitted the motion to confirm arbitration in this case and it has been filed (Doc. 20).

### **Motion for ECF and PACER Account Access** (Doc. 21)

Plaintiff asks to be allowed to file documents electronically via the Court's Case Management/Electronic Case Files (CM/ECF) database. He indicates he has been allowed to file electronically in the Western District of Missouri.

In this district, only attorneys are authorized to file documents electronically through the CM/ECF database. General Order 36, CM/ECF Policies and Procedures Manual for Civil Filings II(A). Public Access to Court Electronic Records (PACER) is, however, available to anyone who registers for an account. Registration can be completed online at http://www.pacer.gov

The motion (Doc. 21) is denied to the extent Plaintiff seeks to electronically file documents with the Court. To the extent Plaintiff seeks access to PACER, he needs to simply register for a PACER account.

IT IS SO ORDERED this 12th day of April 2011.

/s/ *Erin L. Setser*
   HON. ERIN L. SETSER
   UNITED STATES MAGISTRATE JUDGE