IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                       PLAINTIFF

vs.                            Case No. 10-3086

WAL-MART STORES, INC.                        DEFENDANTS

## OBJECTION TO REPORT AND RECOMMENDATION

     Comes now Plaintiff David Stebbins, who respectfully submits the following objection to the report and recommendation regarding my arbitration issue.

     The first and foremost error you made in interpreting this case is that you assumed it to be a unilateral contract. It was not a unilateral contract, and I am curious as to what made you think it was.

     The Honorable Erin Setser gave good, competent case law, but that case law does not apply in this case. Allow me to go down the list of the various things that are different in this case. This case is completely different from Aon. For one, the Defendants in this case communicated the performance of the acceptance method directly to me. Such was not the case in Aon. Second, in Aon, the performance of the acceptance method, and the consideration, are one in the same. In this case, they are not.

     No, this is a bilateral contract. I sent Wal-Mart the contract offer. They performed an acceptance method. Then, and only then, were we bound to do anything. That is the main difference between a unilateral contract and a bilateral one. See West's Encyclopedia of American Law. To suggest that this was a unilateral contract is simply absurd.

     The Honorable Setser's second mistake was saying that Wal-Mart performed no act. However, the very next sentence stated that they replied to two of my emails. That *is* an act. It is just as much of an "act" as clicking a box on a website that says "I agree to the terms of service." How is it any less of an act? I am shocked that the Honorable Setser would even suggest such a thing.

     Tell me: Would you be willing to enforce the contract, if Wal-Mart emailed me, but, in the body

of that email, said "We accept?" Would you enforce that? If you would, how do you possibly justify sending me an email as not being an "act?"

Furthermore, the Honorable Setser is employing a double standard, and is thus abusing her discretion. See *Presley v. Presley*, Arkansas Court of Appeals, Case No. CA 98-954 ("Although there was ample proof of changed circumstances, the chancellor chose to ignore it and employed a double standard. This is certainly an abuse of discretion"). Wal-Mart does the exact same thing as I am doing, right now. See Exhibit A. Exhibit A is a screenshot from Wal-Mart's website. This is often referred to as a "browse wrap" agreement; you accept the contract simply by browsing the website.

Would you be willing to enforce that browse wrap agreement? If you are, what excuse does the court have for not enforcing this agreement? What is different?

Furthermore, I do not think that this is more like a browse wrap agreement, but rather, a click wrap agreement. A click wrap agreement is when you actually have to click over a box next to the words "I agree to the terms of service." Contracts such as those have been upheld consistently! See *Feldman v. Google, Inc.*, 513 F.Supp.2d 229 (E.D.Pa. 2007). *In re RealNetworks, Inc. Privacy Litigation*, No. No. 00-1366, 2000 WL 631341 (D. Ill. May 8, 2000). *Hotmail Corp. v. Van$ Money Pie*, No. 98-20064, 1998 WL 388389 (N.D. Cal. Apr. 16, 1998). *I. Lan Sys., Inc. v. Netscout Serv. Level Corp.*, 183 F. Supp. 2d 328, 336 (D. Mass. 2002). Bragg v. Linden Research, Inc., 487 F.Supp.2d 593 (E.D. Pa. 2007).

If you rule that replying to an email is not an "act," you must also rule that clicking on a box next to the words "I accept the terms of service" is not an act, or else employ a double standard and thus abuse your discretion. This would violate loads of precedent.

Honestly, how do you possibly justify sending an email as not being an "act?" NOT sending that email would not be considered an "act." I supposed "typing" is not an act, either. Is "clicking" an act? After all, clicking is something they must do in order to send the email, after they've typed it! So, if sending an email is not an "act," despite it necessarily involving clicking, then how can a clickwrap

agreement ever have legal effect? The only problem is... clickwrap agreements *do* have legal effect? Do you know why? Because clicking is an act!

All in all, I believe that the Honorable Setser is more concerned about the morality of this case, than she is about the actual legal validity. Her recommendations are based on the straw man argument that this is a unilateral contract (it is clearly a bilateral one), her double standard regarding Wal-Mart's browse wrap agreement, and her absolutely absurd claim that emailing me is not an "act."

I know I am not citing much in the way of legal authority, but there is really nothing to cite. What the Honorable Setser has made is the kind of absurd argument that I usually expect to hear on the Internet. You *can't* just simply cite sources to disprove something this ludicrous! Unilateral Contract? Sending an email is not an act? Give me a blasted break! Remember, Your Honor: Judges are already under enough scrutiny for alleged "judicial activism" (ruling on personal feelings, not on law) as it is; this recommendation certainly does not help matters in that respect.

Regarding judicial activism, believe me when I say that I do not use that term loosely. I am a huge opponent of the term. See Exhibit B. This is a message board thread that I made, where I defended the judiciary's honor against critics of judicial activism. I disagree with the majority opinion in Snyder v. Phelps, but I do NOT consider that to be "judicial activism."

Besides, you can rule out the possibility that I am simply butt hurt about this recommendation. I am not that kind of person, and I do not even need new exhibits to prove it; I can prove it with material on record. I filed a suggestion in support of this motion, where I argued that the Defendants had not yet moved to vacate, and, therefore, were powerless to fight the confirmation of the arbitration award on any grounds. However, a single day later, I filed a motion to withdraw that suggestion, explaining that I had discovered the Arkansas Supreme Court case of *Danner v. MBNA America Bank*, which set binding precedent against me in that respect.

This proves something: I am open to being proven wrong; merely, I am not open to simply being *told* that I am wrong, without any logic to back it up. I believe that is a reasonable policy to

have, wouldn't you agree?

Simply put, to rule against me in this case would constitute an abuse of discretion, due to the double standard that you would have to employ. I knew that I would not loose this case without the court pulling some absolutely absurd double standard out of their butts; I just didn't now, exactly, what they were going to pull. All I knew was, it would be absolutely absurd, easy to refute, and simply prove that I was right about this case having legal merit; merely, the judges didn't *want* to give me the victory.

Wherefore, I respectfully pray that you disregard the Honorable Setser's recommendation and confirm the arbitration award. It is so requested on this 15th day of April, 2011.

/s/ David A. Stebbins
David A. Stebbins
1407 N Spring Rd.,
APT #5
Harrison, AR 72601
870-204-6024

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DAVID STEBBINS**                                                                      **PLAINTIFF**

vs.                                             **Case No. 10-3086**

**WAL-MART STORES, INC.**                                        **DEFENDANTS**

**CERTIFICATE OF SERVICE**

I, Plaintiff David Stebbins, hereby certifies that a true and correct copy of my objection to the Defendant's recommendation was served on Jeffrey Spillyards, attorney for the Defense, by mailing a copy to 425 West Capitol Avenue, Suite 1800, Little Rock, AR 7220, on the 15th day of April, 2011.

*David Stebbins*

David A. Stebbins
1407 N Spring Rd.,
APT #5
Harrison, AR 72601
