U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
APR ? 2011
CHRIS R. JOHNSON, CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                     PLAINTIFF

vs.                                    Case No. 10-3086

WAL-MART STORES, INC.                                                          DEFENDANTS

## SUPPLEMENT TO OBJECTION TO REPORT AND RECOMMENDATION

Comes now Plaintiff David Stebbins, who respectfully submits the following supplement to my objection to the report and recommendation regarding my arbitration issue.

Specifically, I wish to add to my argument that sending an email constitutes an "act" for the purposes of accepting a contract, because clicking constitutes an "act" for the same purposes. Most of the case law I previously cited was merely persuasive precedent. However, I now wish to cite *binding* precedent.

Specifically, I cite the Eighth Circuit Court of Appeals case of *Davidson & Associates v. Jung*, which has the case number of 04-3654. In this case, the Eighth Circuit ruled that the defendants were bound by the contracts in question when they clicked – they *clicked* – on a box that said "I agree" at the end of the contracts.

> "At the end of both [contracts], Blizzard includes a button with the text, 'I Agree' in it, which the user must select in order to proceed with the installation."

Not only that, but the contracts in question were not even available to the Defendants until *after* they had already purchased the software! To reject the contracts, the Defendants had to drive all the way back to the store from which they bought the software, wait in line, and get a refund for the software purchase.

> "The terms of neither [contracts] appear on the outside packaging [of the software]. If the user does not agree to these terms, the game may be returned for a full refund of the purchase price within thirty (30) days of the original purchase."

In the instant case, the Defendants did not have to do anything of the sort to reject the contract.

All they had to do in order to avoid accepting the contract was not respond to my emails. That is all. Certainly, acceptance could be easily avoided.

Therefore, it is no longer merely persuasive precedent; now, it is *binding* precedent that clicking is, indeed, considered to be an "act" regarding whether or not you have accepted a contract.

To that end, if clicking is considered an "act," then sending an email definitely is an "act," because you must click on an icon that says "send" in order to actually send the email.

In fact, clicking aside, a single *keystroke*, which they must do numerous times in order to type the message, can constitute an "act" for the purposes of accepting a contract. When you first purchase a computer, there are often license agreements that you must accept when using the computer. These license agreements can typically be accepted by pressing a certain key, such as the return key, the space bar, or the Y key ("Y" for "yes, I accept the license agreement"). If you would uphold those license agreements as valid, or, at the very least, rule them as invalid for a reason other than acceptance, then, for the sake of continuity, you must rule that sending an entire email can easily constitute an "act" for the purposes of accepting a contract.

As if that were not enough, I emphasize that the element of acceptance is *admitted*! The Defendants, when filing their response to my petition to confirm the arbitration award, denied one element of contract formation, and one element only: Meeting of the minds. The Defendants did *not* deny acceptance. Therefore, the element of acceptance is admitted by default. See Fed. R. Civ. P. Rule 8(b)(6). It seems that the Honorable Setser is merely recommending that the Magistrate Judge dismiss the petition, *sua sponte*, for failure to state a claim upon which relief can be granted.

Although the district court does have jurisdiction to dismiss a claim sua sponte like that (see Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991)), it is inappropriate in the instant case. When dismissing for failure to state a claim upon which relief can be granted, the court must assume all the facts as true and in a light most favorable to myself. See *St. Croix Waterway Ass'n v. Meyer*, 178 F.3d 515, 519 (8th Cir. 1999). The same also applies when the Defendants move for summary judgment,

such as in the instant case. See *Johnson v. Blaukat*, 453 F.3d 1108, 1112 (8th Cir. 2006).

In order to view the facts and reasonable inferences thereof in the light most favorable to me, you must view the facts as if the Wal-Mart employee knew about the contract, knew about the acceptance method, and did it anyway. At that point, the Defendants run out of excuses.

I hope that I have conclusively established that the Honorable Setser's report and recommendation is completely, utterly without merit.

Wherefore, I respectfully pray that you disregard the report and recommendation filed by the Honorable Erin Setser, grant my motion to confirm the arbitration award, deny the Defendant's motion for partial summary judgment, award costs incurred, and other relief that the court finds appropriate.

It is so requested, on this 19th day of April, 2011.

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DAVID STEBBINS**                                                      **PLAINTIFF**

vs.                                     Case No. 10-3086

**WAL-MART STORES, INC.**                                         **DEFENDANTS**

**CERTIFICATE OF SERVICE**

I, Plaintiff David Stebbins, hereby certify that a true and correct copy of my supplement to my objection to the Honorable Setser's report and recommendation of magistrate judge was served on Jeffrey Spillyards by faxing a copy to the fax number of (501) 688-8807 on the 18th day of April, 2011.

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601