U.S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

APR    2011

CHRIS R. JOHNSON, CLERK

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**HARRISON DIVISION**

**DAVID STEBBINS**                                                           **PLAINTIFF**

**vs.**                                              **Case No. 10-3086**

**WAL-MART STORES, INC.**                                          **DEFENDANTS**

## SUGGESTION IN SUPPORT OF MOTION
## TO CONFIRM ARBITRATION AWARD

Comes now Plaintiff David Stebbins, who respectfully submits the following suggestion in support of my motion to confirm the arbitration award in the amount of $660,000,000.00.

I do not think that I require leave from the court to file this suggestion, even though it has been more than two weeks time since the last suggestion regarding the motion to confirm the arbitration award was docketed. However, Local Rule 7.2(b) only mentions parties *opposing* a motion. If it is any consolation, the Defendants are more than welcome, as far as I am concerned, to take two additional weeks to file a reply suggestion against this suggestion.

The Defendants have filed no motion to vacate, modify, or correct the arbitration award. The Defendants are only allowed ninety days from the date they are given notice of the arbitration's existence to move to vacate, modify, or correct the award. See 9 U.S.C. § 12. The language of the section does not support any possibility for the court granting any sort of extension, like it does with Local Rule 7.2(b). Therefore, the three month time limit is hard-coded and unchangeable. As the arbitration award was obtained, via the forfeit victory clause, no later than the date of December 4, 2010. See Exhibit A. That means that, by the most generous estimate, they had until March 5, 2011 to file any motions to vacate, modify, or correct the award. Instead, they filed a motion for partial summary judgment within that ninety day time limit.

Vacation, modification, or correction is supposed to be the *only* remedy available to a party opposing an arbitration award. See 9 U.S.C. § 9 ("[T]he court must grant such an order **unless the**

**award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.**") By

explicitly provided such few exceptions, the statute clearly intends to mean that a motion to vacate,

modify, or correct is the only weapon with which to combat a motion to confirm an arbitration award.

In other words, while a motion for partial summary judgment may be allowed, it must be

accompanied by – or perhaps even *preceded* by – a motion to vacate, modify, or correct.

Therefore, the Defendant's motion for partial summary judgment should be denied, for being

procedurally improper.

There appears to be an Arkansas Supreme Court case that seems to negate my argument. See

*Danner v. MBNA America Bank*, Supreme Court of Arkansas, Case No. 06-1429. However, that

decision was published in 2007, but in 2008, the United States Supreme Court published a decision that

said the exact opposite. It is called *Hall Street Associates, LLC v. Mattel, Inc.*, and has the U.S.

Supreme Court case number of 06–989.

The United States Court of Appeals for the Eighth Circuit elaborated on this matter, in the case

of *Medicine Shoppe International, Inc. v. Turner Investments, Inc.*, which has the 8th Circuit case

number of 09-2179. I directly quote from that case:

"Prior to Hall Street, a court could vacate arbitration awards on grounds other than those listed in the
FAA. See Schoch, 341 F.3d at 788 (holding that in addition to the FAA's expressed reasons for vacating
arbitration awards, a court can vacate an arbitration award if it is "completely irrational," which means
"it fails to draw its essence from the agreement," or if the award evidences a manifest disregard for the
law.). In 2008, however, Hall Street, resolving a circuit split, held that "the text [of the FAA] compels a
reading of the §§ 10 and 11 categories as exclusive." 552 U.S. At 586.

> On application for an order confirming the arbitration award, the court "must grant" the
> order "unless the award is vacated, modified, or corrected as prescribed in sections 10 and
> 11 of this title." There is nothing malleable about "must grant," which unequivocally tells
> courts to grant confirmation in all cases, except when one of the "prescribed"
> exceptions applies."

Therefore, I have an absolute, unreviewable (at least, not anymore) right to have this arbitration

award confirmed, without any further opposition.

Wherefore, I respectfully pray that you deny the Defendant's motion for partial summary

judgment, grant my motion to confirm the arbitration award, award costs incurred, and other relief that the court finds appropriate.

It is so requested, on this 20th day of April, 2011.

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

## IN THE UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF ARKANSAS
### HARRISON DIVISION

**DAVID STEBBINS**                                          **PLAINTIFF**

**vs.**                            **Case No. 10-3086**

**WAL-MART STORES, INC.**                          **DEFENDANTS**

### CERTIFICATE OF SERVICE

I, Plaintiff David Stebbins, hereby certify that a true and correct copy of the enclosed suggestion in support of my motion to confirm the arbitration award has been served upon the adverse party by transmitting a copy thereof to the fax number of (501) 688-8807 on the 8th day of April, 2011.

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601

72701+5553

U.S. District Court,
35 E. Mountain St.
Room 510
Fayetteville, AR 72601

NORTHWEST
20 APR

USA FIRST-CLASS FOREVER