US DIST COURT
WESTERN DISTRICT ARKANSAS
FILED
APR 29 2011
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DAVID STEBBINS**                        **PLAINTIFF**

vs.                 Case No. 10-3086

**WAL-MART STORES, INC.**                **DEFENDANTS**

## PETITION TO CONFIRM ARBITRATION AWARD

Now comes Plaintiff David Stebbins, who respectfully submits the following petition to confirm the following arbitration award.

Before I begin, allow me to explain that this is *not* the same arbitration award that I had previously asked you to confirm. This is a totally different one. This time, the arbitration agreement was most definitely accepted. I decided to move to confirm the $660 billion arbitration award, instead of this one, but since the court does not think that sending an email constitutes acceptance to a contract, then this one will have to do.

I should point out that this petition will *not* affect the legal validity of the petition to confirm the $660 billion arbitration award. Instead, it will merely add to it. If the Eighth Circuit reverses the District Court's order denying the motion to confirm the arbitration award, the Defendants must pay both of them.

That being said, I now move on to the actual petition, itself.

If you remember from my original motion to confirm the arbitration award, I sent the Defendants the contract offer on the date of November 8, 2010. I gave them three days to read it over. On the date of November 11, 2010, I went to Wal-Mart and purchased a gallon of milk from them, using a paper check. This way, they knew it was me.

The contract, as you recall, unambiguously stated that they accept the contract if I attempt to communicate with them, and they do not cease communications with me on the spot. The purchasing of an item constitutes this communication.

In the previous motion to confirm the arbitration award, this court ruled that sending me an email does not constitute an "act," despite binding precedent directly to the contrary. Well, even if sending an email does not constitute an act, selling me an item definitely does. In fact, it can stand alone as its own contract. I merely added terms to the transaction.

On the date of November 13, 2010, I sent Wal-Mart an invitation to arbitrate this employment discrimination dispute for $345,000,000,000. Per the forfeit victory clause that I specified, they were required to accept the arbitration invitation within 24 hours of receiving it. They probably received it on November 15, 2010, as it usually takes them two days to get around to reading my email.

On the date of November 16, 2010, the Defendants still had not accepted the contract, and as such, I asked the arbitration firm to close the case.

February 17, 2011 was the final day that they had to move to vacate the arbitration award. They have not filed any motion to vacate it. Therefore, the confirmation of this arbitration award should go unopposed.

Wherefore, I respectfully pray that you confirm the arbitration award in the amount of $345,000,000,000.00, award costs incurred, and other relief that the court finds appropriate.

It is so requested, on this 28th day of April, 2011.

*David Stebbins*

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com