U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
MAY 0 2 2011
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DAVID STEBBINS** PLAINTIFF

vs. Case No. 10-3086

**WAL-MART STORES, INC.** DEFENDANTS

### SUGGESTION IN SUPPORT OF SECOND MOTION TO CONFIRM ARBITRATION AWARD AND SUGGESTION SUPPORT OF MOTION FOR RECONSIDERATION OF FIRST MOTION TO CONFIRM ARBITRATION AWARD

Comes now Plaintiff David Stebbins, who respectfully submits the following suggestion in support of my second motion to confirm an arbitration award, and my motion for reconsideration of my first motion to confirm an arbitration award.

As you know, in both motions, I raised the claim that the Defendants did not timely challenge the award. I used a U.S. Supreme Court case that was sort of on point, but not directly, in support of my argument. However, I have now discovered an Eighth Circuit case that is *directly* on point.

It is called *Sheet Metal Workers International Association, Local Union No. 36 v. Systemaire, Inc.* It was decided by the Eighth Circuit on March 6, 2011, and has the two cases numbers, one of which is 98-3414, and the other of which is 99-1787.

In this case, we have an issue where the party seeking vacation of the arbitration award claimed that the arbitrator failed to draw his powers from "the essence from the collective bargaining agreement." In other words, like in this case, the adverse party did not think the arbitrator had the power to decide, among other things, this one issue.

However, the party seeking vacation did not move to vacate within the allotted time. To quote the Eighth Circuit directly, "It is undisputed that Systemaire received a copy of the LJAB's decision and did not file a motion to vacate the arbitration award within 90 days thereafter. In fact, it has never filed an action to vacate the award. Hence, we must consider whether such a failure precludes the district court from considering Systemaire's defense that the arbitration award did not draw its essence from the

collective bargaining agreement."

Later on, the Eighth Circuit went on to explain what the adverse party could have done, but chose not to: "Secondly, Systemaire could have sought declaratory or injunctive relief prior to the commencement of the arbitration, but it did not do so."

Such is the case, here. Wal-Mart could have sought a declaration that no arbitration agreement existed, and an injunction against future arbitration filings, but they did not do so.

Finally, I directly quote the Eighth Circuit one more time: "As in Atlas, Systemaire "could not sit back with impunity until faced with a motion for summary judgment in federal district court." Id. at 772. In order to preserve its defenses, Systemaire "should have notified the [LJAB] of its refusal to arbitrate or brought an action to vacate the award. . ." Id. An employer may not assert a defense to a motion to enforce an arbitration award that could have been raised in an action to vacate. Id. (citing cases)."

In the instant case, Wal-Mart attempted to do exactly that: They sat back, expecting impunity, until faced with a petition to confirm the arbitration award.

This case is factually identical to the precedent which I have cited. Wal-Mart should not have simply sat back and waited for me to make the first move. Therefore, my claim that they are time barred is now cold, hard, and irrefutable. I have direct binding precedent in my favor.

Wherefore, I respectfully pray that you grant both motions, confirm both arbitration awards in the combined amount of $1,005,000,000,000, award costs incurred, and other relief that the court finds appropriate.

It is so requested, on this 2nd day of May, 2011.

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DAVID STEBBINS**                                    **PLAINTIFF**

vs.                    Case No. 10-3086

**WAL-MART STORES, INC.**                             **DEFENDANTS**

## CERTIFICATE OF SERVICE

I, Plaintiff David Stebbins, hereby certify that a true and correct copy of my suggestion in support of my second motion to confirm an arbitration award and in support of my motion for reconsideration of my first motion to an arbitration award has been served on Jeffrey Spillyards, Attorney for the Defense, by faxing a copy to the fax number of (501) 688-8807 on the 29th day of April, 2 011.

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

David Stebbins
1407 N Spring Rd
Apt #5
Harrison, AR 72601

U.S. District Court
35 E. Mountain St.
Room 510
Fayetteville, AR 72701