## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## HARRISON DIVISION

**DAVID STEBBINS**                                                                    **PLAINTIFF**

**v.**                              **CASE NO. 10-3086**

**WAL-MART STORES, INC.**                                        **DEFENDANT**

### RESPONSE IN OPPOSITION TO PLAINTIFF'S PETITION TO CONFIRM ARBITRATION AWARD AND INCORPORATION OF WAL-MART'S PREVIOUSLY FILED MOTION FOR PARTIAL SUMMARY JUDGMENT

Defendant Wal-Mart Stores Arkansas, LLC ("Wal-Mart"), erroneously identified as "Wal-Mart Stores, Inc.," by its attorneys, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., submits its Response in Opposition to Plaintiff's Petition to Confirm Arbitration Award and Incorporation of Wal-Mart's Previously Filed Motion for Partial Summary Judgment.

On February 15, 2011, Plaintiff filed with the Clerk of the Court a "Suggestion in Support of Motion to Confirm Arbitration Award." [Doc. # 17]. On February 18, 2011, Plaintiff filed a "Motion to Correct Judicial Error," to which he attached a Motion to Confirm Arbitration Award and other documents. [Doc. # 19]. Wal-Mart thereafter filed a Motion for Partial Summary Judgment Related to Arbitration, asserting that to the extent Plaintiff's allegations pertaining to arbitration are at issue in this matter, Wal-Mart is entitled to summary judgment and the dismissal of Plaintiff's claims. [Doc. # 22].

On April 14, 2011, U.S. Magistrate Judge Erin L. Setser entered a Report and Recommendation recommending that Wal-Mart's Motion for Partial Summary Judgment

be granted. [Doc. # 39]. On April 20, 2011, the Court adopted Judge Setser's Report and Recommendation and dismissed Plaintiff's claim related to arbitration. [Doc. # 41].

Plaintiff has continued to file documents related to an arbitration claim. In a Petition to Confirm Arbitration Award, Plaintiff urges, "that this is *not* the same arbitration award that I had previously asked you to confirm." [Doc. # 46] (emphasis in original). Plaintiff now seeks an award of 345 billon dollars.

Plaintiff attached as Exhibit "B" to his Brief in Support [Doc. # 47] a redacted copy of the alleged contract Plaintiff claims Wal-Mart accepted. Plaintiff sent counsel for Wal-Mart an unredacted copy of the alleged agreement which is attached hereto as Exhibit "1." Plaintiff asserts that Wal-Mart agreed, for example, to the following provisions:

> 7. You hereby agree to never
>
>> 1. Interrupt me when I am speaking, for all eternity.
>> 2. Hang up on me in any phone call, for all eternity.
>> 3. Block my attempts to communicate with you, for any reason, for all eternity.
>> 4. Ask me a question that I have previously answered, for all eternity.
>> 5. Demonstrate any rudeness, annoyance, or disrespect, however petty, against me, for all eternity.
>
> 12. In the event that the arbitration either does not take place, for whatever reason, or I am unsatisfied with the result, you hereby agree to remand the case to another semi-binding arbitration, where you are bound, but I am not.
>
> 17. You hereby agree that, if I send you a letter, email, fax, or phone call, telling you that you owe me any money (maybe, or maybe not, related to this contract), and you refuse to pay me this money within 48 hours or less, the money that you owe me shall increase tenfold for every period of 24 hours thereafter.

*See* Exhibit "1" attached hereto. Plaintiff's alleged contract also includes some exceptions, one of which begins, "If you have a warrant, duly enacted in accordance with the 4th Amendment to the United States Constitution to search this property . . . ." *Id*.

Plaintiff urges that Wal-Mart accepted this contract when he "went to Wal-Mart and made a purchase for an item." [Doc. # 47]. Specifically, Plaintiff alleges he "went to Wal-Mart and purchased a gallon of milk . . . using a paper check." [Doc. # 46].

Wal-Mart hereby incorporates by reference the arguments set forth in its Motion for Partial Summary Judgment Related to Arbitration, Brief in Support, Statement of Undisputed Facts, and Reply in Support of Motion for Partial Summary Judgment. [Doc. ## 22-24; 28]. For the reasons outlined therein and in Judge Setser's previous Report and Recommendation [Doc. # 39], the Court should deny Plaintiff's Petition to Confirm Arbitration Award, and enter an order granting summary judgment to Wal-Mart on Plaintiff's arbitration claims.

WHEREFORE, Wal-Mart respectfully requests that the Court enter an Order dismissing with prejudice Plaintiff's claims related to arbitration.

Respectfully submitted,

**/s/ Marshall Ney**
Ark. Bar No. 91108
**/s/ Kathlyn Graves**
Ark. Bar No. 76045
**/s/ Jeffrey L. Spillyards**
Ark. Bar No. 2004159

Mitchell, Williams, Selig,
Gates & Woodyard, P.L.L.C.
425 West Capitol Ave., Suite 1800
Little Rock, Arkansas 72201
(501) 688-8800
*mney@mwlaw.com*
*kgraves@mwlaw.com*
*jspillyards@mwlaw.com*

## CERTIFICATE OF SERVICE

I hereby certify that on May 10, 2011, I mailed this document by U.S. Mail to the following non CM/ECF participant:

David A. Stebbins
1407 N. Spring Rd., Apt. # 5
Harrison, Arkansas 72601

**/s/ Jeffrey L. Spillyards**