IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DAVID STEBBINS**                                                       **PLAINTIFF**

vs.                                    Case No. 10-3086

**WAL-MART STORES, INC.**                                    **DEFENDANTS**

## BRIEF IN SUPPORT OF MOTION

Comes now Plaintiff David Stebbins, who respectfully submits the following brief in support of my motion to confirm the arbitration award.

On the date of November 8, 2010, I sent Wal-Mart a formal offer for a contract. To prove this, I submit video evidence. See Exhibit A: http://www.youtube.com/watch?v=JvS4dRdqkgk.

This contract stated, among other things, the following:

- The contract is accepted if they allow me to communicate with them.
- We refer all legal disputes, even those not related to the contract, to online arbitration, using the services of www.net-arb.com.
- If the Defendants do not accept my arbitration invitation within 24 hours of receiving it, I automatically win, regardless of the merits of the case.

See Exhibit B for the text of that contract. Notice that I have censored a good portion of the contract, because the other provisions are irrelevant to this court. See *Buckeye Check Cashing Inc. v. Cardegna* 546 U.S. 440 (2006).

On the date of November 11, 2010, after giving the Defendants enough time to read the contract, I went to Wal-Mart and made a purchase for an item. I used a paper check, which had my name on it, so they knew who I was. Again, this proof is in the video format, where I scan my camera over the paper check, after it was used, and the receipt that I received as proof of purchase. See Exhibit C: http://www.youtube.com/watch?v=OKkQ0lAQvnM



This constitutes their acceptance to the contract, because selling an item constitutes acceptance to a contract. The buyer is the offeror, and the seller is the offeree. See *Klocek v. Gateway, Inc.*, 104 F. Supp. 2d 1332 (D. Kan. 2000) ("In typical consumer transactions the purchaser is the offeror and the seller is the offeree").

There may be some dispute as to whether there is a meeting of the minds in the arbitration agreement in this contract of sale. A meeting of the minds, aka an understanding of the terms, is established by the contract being clear, unambiguous, and conspicuous. See *National Fire Insurance Company of Pittsburgh, Pennsylvania v. Guardtronic, Inc.*, Court of Appeals of Arkansas, Case No. CA 00-1464.

> 4.      **Contracts -- person [entering into a] contract held to have read its contents -- claiming ignorance of contents no excuse.** -- One is bound under the law to know the contents of the papers he signs, and he cannot excuse himself by saying that he did not know what the papers contained.
> 5.      **Contracts -- no evidence of fraud, duress, undue influence, lack of capacity, mutual mistake, or inequitable conduct sufficient to void contracts -- appellant's reliance on company representative's misunderstanding of contract was not well taken.** -- Where there was no proof that appellees induced the company representative who signed the contract into believing that the contracts were anything other than what they were, the language of the contracts was there for all parties to read, it was conspicuous, there was no proof it was misrepresented in any way, and appellant offered no evidence of fraud, duress, undue influence, lack of capacity, mutual mistake, or inequitable conduct sufficient to void the contracts, appellant's reliance on the representative's misunderstanding of the contract was not well taken.

Furthermore, I cite the binding precedent of *Hagans v. Haines*, Court of Appeals of Arkansas, Case No. CA 98-301.

> "7. **Contracts -- appellees' signing of instrument was objective manifestation of mutual assent to formation of contract --testimony on appellees' intent inadmissible.** -- Where a document admitted into evidence presented a complete understanding setting forth an agreement between buyer and seller and was signed by both parties, appellees' signing the instrument was an objective manifestation of mutual assent to the formation of the contract and was evidence that a meeting of the minds occurred; testimony regarding appellees' intent that the instrument served a different purpose was not admissible to demonstrate their subjective purpose in signing the instrument."

In the instant case, giving me an item in exchange for money constitutes the same thing.

Therefore, acceptance is established. The only problem is that there were other terms that came with the contract of sale, besides merely the item in exchange for the money. However, the additional terms (namely, the arbitration agreement and forfeit victory clause) still apply, due to the fact that the additional terms are in my records (clearly, they are), and they *were* in the Defendants' records, at least at first; if they deleted the additional terms from their records, that is their fault. This means that the additional terms are valid. See U.C.C. § 2-207(a).

Simply put, the Defendants had time to review the contract offer, they could have refused to accept my offer to purchase an item from them, and, despite knowing who I am (because I used a paper check, and showed my driver's license to prove my identity), they decided to accept my offer for a contract of sale. It is not my fault they did not read the additional terms.

So, we have established that mutual agreement is established, up to the point required by law. Now, let us move on to the actual arbitration award that I want confirmed.

On the date of November 13, 2010, I submitted an arbitration invitation to the Defendants. See Exhibit D.

However, the arbitration was closed on November 16, 2010 at my request. See Exhibit E. The Defendants had three days to accept the arbitration invitation, whereas they only were allotted one.

In the event that any dispute arises due to the validity of the forfeit victory clause, that must be decided by the arbitrator. See *Buckeye Check Cashing Inc. v. Cardegna* 546 U.S. 440 (2006) (holding that the arbitration agreement – and ONLY the arbitration agreement – may be decided by a court; the forfeit victory clause is not a part of the arbitration agreement, any more than a clause limiting your rights in the event of a default judgment is a part of a clause deciding to hold all disputes in the Western District of Missouri).

Besides, the Defendants have taken too long to respond to the arbitration. They are only supposed to have three months to move to vacate, modify, or correct the award. See 9 U.S.C. § 12. This means that they had until February 17, 2011 to move to vacate the award. The court *must* grant a

motion to confirm an arbitration award, unless the award has been vacated, modified, or corrected as prescribed by 9 U.S.C. §§ 10 and 11. See 9 U.S.C. § 9.

My logic in the above paragraph appears, at first glance, to be expressly disaffirmed in the precedent-setting case of *Danner v. MBNA America Bank, N.A.*, Supreme Court of Arkansas, Case No. 06-1429. However, the Arkansas Supreme Court's logic is expressly disaffirmed in the precedent-setting case of *Hall Street Associates, LLC v. Mattel, Inc.* 552 U.S. 576 (2008) ("§9 carries **no hint of flexibility** in unequivocally telling courts that they "must" confirm an arbitral award, "unless" it is vacated or modified "as prescribed" by §§10 and 11.")

Now, I know what you are probably thinking, right now: In *Hall Street*, there was never a dispute as to the very existence of an arbitration agreement in the first place, whereas, in *Danner* and in the instant case, there is. However, that is beside the point. In *Danner*, the court's logic is wholly dependent on the belief that there are other grounds, besides those listed in 9 U.S.C. §10 and 11, with which to fight the confirmation of an arbitration award. It is this logic which *Hall Street* expressly disaffirms, and without it, *Danner* falls apart at the seams. *Hall Street* made it crystal clear that the exclusivity of 9 U.S.C. §§10 and 11 as avenues with which to fight the confirmation of an arbitration award is absolute. They made it abundantly clear: do not try to read exceptions into the FAA, because they are. not. there. Simply put, courts are in no position to be reading things into the Federal Arbitration Act that are not written into the plain text of the statute. It is *this* logic which Hall Street expressly disaffirms; without it, Danner is left without any logic to support its conclusion.

To that end, the Defendants were informed of the arbitration proceedings, instantaneously, over email. They knew, perfectly well, about the arbitration proceedings, and simply chose to ignore them.

They *could have* moved to vacate the award on the grounds that it was obtained by corruption, fraud, or other undue means. See 9 U.S.C. §10(a)(1). I do not think they would have won, but at least it would have been procedurally proper, and would have been correctly entertained (as opposed to being incorrectly entertained, like in the other petition to confirm the arbitration award). However, they

did not do it.

In conclusion, you had to undergo metaphysical gymnastics to justify denying my previous petition to confirm the arbitration award, but I do not see how you can possibly justify denying this one. Your primary inhibition about my previous petition – whether or not the Defendants performed some "act" that signified their acceptance – is not present in this case. All this one is is a simple, run of the mill contract of sale, and absolutely nothing else. All I did was insert an arbitration provision into my offer to purchase the item. Fine print? Maybe. Invalid? No.

Wherefore, I respectfully pray that you confirm the arbitration award in the amount of $345,000,000,000, award costs incurred, and other relief that the court finds appropriate.

It is so requested, on this 28th day of April, 2011.

David Stebbins<br>
1407 N Spring Rd,<br>
APT #5<br>
Harrison, AR 72601<br>
870-204-6024<br>
stebbinsd@yahoo.com

## CERTIFICATE OF SERVICE

I, Plaintiff David Stebbins, hereby certify that a true and correct copy of my second Petition to Confirm Arbitration Award and my Brief in Support of Petition have been served on Jeffrey Spillyards, attorney for the Defense, by mailing a copy to 425 West Capitol Ave, Suite 1800, Little Rock, AR 72201, on the 28th day of April, 2011.

David Stebbins<br>
1407 N Spring Rd,<br>
APT #5<br>
Harrison, AR 72601<br>
870-204-6024<br>
stebbinsd@yahoo.com

without limitation, telephone, email, snail mail (whether U.S. Postal Service, Fedex, or any other method of physical delivery), in-person conversation, etc.
   1. This will also take effect if I attempt to contact you, and, upon hearing my name, you do not cease communications with me on the spot.
2. If you are acting as an agent, employee, or independent contractor for anyone, you acknowledge that you have express authority to perform whatever task you are contacting me to perform. You also agree that you have either implied and/or apparent authority to enter into this contract on behalf of your client, employer, or customer.
   1. The principals spoken of in the above paragraph shall stack as high as ownership shall go. For example, if you are a news reporter for CNN, you will not only bind CNN, but, also, Turner Broadcasting Systems, Inc., as well as Time Warner Communications, Inc.
   2. You will also bind all of your inferior entities. By "inferior entities," I mean all entities that the proceedings of which you direct, including, but not limited to, your independent contractors, employees, affiliates, agents, and companies that you own even a single share of stock in.
   3. You also bind any customers who agree to any kind of contract with you, from this point forward.
3. You hereby agree to hold me harmless for any injuries you sustain that I do not intentionally cause.
4. You hereby agree to allow me to use, distribute, and sell the rights to your name, physical likeness, and any intellectual property that you may own, throughout the universe, for no fee, for all eternity.
5. You hereby agree to not request, nor accept any offer for, any third party to remove any material that I use that you feel that you own the copyright to.
6. You hereby agree that, for now and for all eternity, in the event that I ask you a question, you must answer it promptly, accurately, and truthfully.
7. You hereby agree to never
   1. Interrupt me when I am speaking, for all eternity.
   2. Hang up on me in any phone call, for all eternity.
   3. Block my attempts to communicate with you, for any reason, for all eternity.
   4. Ask me a question that I have previously answered, for all eternity.
   5. Demonstrate any rudeness, annoyance, or disrespect, however petty, against me, for all eternity.
   6. Accuse me of lying, or any variation thereof, for all eternity.
   7. Defame me, in any way, even if no actual injury occurs from it, for all eternity.
      I. "Defame," in this case, includes, but is not limited to, any statements about me which are true as written, but misleading to the point that a reasonable person – as defined by common law – would interpret it differently than what is actually true.
8. You hereby agree that no information that you obtain during your endeavor while contacting me will be used in any way, shape, or form without my express, written consent.
9. If you are working as an agent or employee for that sovereign entity, you hereby agree that said sovereign entity shall waive all of its sovereign immunity, as well as all immunities stemming from sovereign immunity (including, but not limited to, prosecutorial immunity, judicial, and

legislative immunity), for all purposes whatsoever, both in state and federal court, for eternity, in any legal disputes against me, except that judges shall retain judicial immunity for decisions that they render that are fully compliant with all applicable laws. This shall apply to the entire sovereign entity (e.g. the entire state, rather than just the state agency that employs the officer who contacted me).
10. You hereby agree that you, as well as any principal or employer that you are acting on behalf of, will initially attempt settle all legal disputes, even those not relating to this contract, by semi-binding arbitration using the services of www.net-arb.com, where you are bound, but I am not.
    1. If you even so much as attempt to litigate a case with me, even if that attempt is unsuccessful, you automatically loose that case.
11. If you do not accept my invitation to arbitrate within 24 hours, then I automatically win the amount I request, regardless of the merits of the case.
12. In the event that the arbitration either does not take place, for whatever reason, or I am unsatisfied with the result, you hereby agree to remand the case to another semi-binding arbitration, where you are bound, but I am not.
13. You hereby agree to reimburse me any costs that I expend in suing you for anything, including, but not limited to, travel expenses, expert witness fees, attorneys' fees, court fees, etc., even if these fees would normally be deemed "unreasonable" in normal litigation, all else being equal.
14. You hereby agree to never use any defenses in any legal disputes, including, but without limitation, absolute defenses or affirmative defenses, that are, ultimately, not held up in court, or arbitration.
15. You hereby agree to not discriminate or retaliate against me for any reason, in any way, because of the content of this contract.
16. You agree to never
    1. Discriminate against me because of the content of this contract,
    2. Retaliate against me for enforcing this contract.
    3. Affiliate yourself with any entity – business or individual alike – who commits any of the above two provisions.
17. You hereby agree that, if I send you a letter, email, fax, or phone call, telling you that you owe me any money (maybe, or maybe not, related to this contract), and you refuse to pay me this money within 48 hours or less, the money that you owe me shall increase tenfold for every period of 24 hours thereafter.
18. You hereby agree that, if you breach any of these terms, that you, as well as your principal/employer, shall be jointly liable to me for a sum of one million (1,000,000) United States dollars for each provision breached.
19. You will be exempt from all of the above provisions if one or more of the following conditions are met:
    1. If I give you an express invitation to contact me. However, this rule shall not apply if I retroactively consent to you contacting me after you have already contacted me.
        I. Provisions of standard form contracts do not apply to this situation.
    2. If you have a warrant, duly enacted in accordance with the 4th Amendment to the United States Constitution (or the equivalent state constitutional provision), to search this property, any property located on this premises, or the physical person of any person located on this premises, or if you have a warrant for the arrest of any individual located on this property. However, this exception shall be null and void in the event that the person you arrest is acquitted of the crime you arrest him or her for.
    3. If you are contacting me to formally offer me a job (invitations to job interviews does not count).

4. If you may be convicted of a crime for *not* contacting me (remember, you must actually be subjected to criminal prosecutions to meet this exception. Merely getting fired, getting sued, or any other monetary loss not stemming directly from criminal fines, does not meet this exception, as you may still, without unconscionability, choose the entering into of this contract over any other civil or private monetary loss).

**From:** net-ARB.com (support@net-ARB.com)
**To:** cstreply@wal-mart.com;
**Date:** Sat, November 13, 2010 12:12:50 PM
**Cc:** stebbinsd@yahoo.com;
**Subject:** Online Arbitration Request

We are writing to you on behalf of David Stebbins who has asked net-ARB to resolve a dispute using arbitration. Please visit our website at www.net-ARB.com for more information and feel free to contact us by return email if you have any questions. If you would like to know more about arbitration and how it is a faster, more convenient alternative to court, please see What is Arbitration on our website.

About net-ARB
Started in 2005, net-ARB is still the world's only online, legally binding arbitration service. net-ARB maintains strict standards and professional oversight to provide high-quality, completely neutral dispute resolution service void of racial, national, gender, religious, or cultural bias.

*FAST:*
If both sides are ready to submit their entire case as soon as the hearing begins, your case can be decided comfortably in less than a week after registration. Normally, hearings take 1-3 weeks at a pace set mostly by the parties.

*CONVENIENT:*
Hearings are conducted completely by email. Each party participates when it is convenient for them to do so, at any hour of the day or night. It is literally as simple as answering your email.

*AFFORDABLE:*
net-ARB's fees are far and away the lowest in the industry. net-ARB was designed and built to handle vast numbers of arbitrations simultaneously, world-wide, making use of economy of scale to reduce arbitration costs to the barest minimum.

Registration
David Stebbins has already registered the case shown below and provided a brief description of the dispute. The description is only used to notify you about the issues that brought the other party to arbitration and so net-ARB can assign appropriate arbitrators to your case. The description is not evidence. Unlike the court system, it makes no difference which side files an arbitration case. All requirements, including the burden of proof, and are exactly equal.

**David Stebbins vs. Wal-Mart Stores, Inc.**
**Case No. 2922230**
**Filed: 11/13/2010**

***** Case Description *****

Wal-Mart Stores has discriminated against me in the application stage of employment. I applied for a job, there, and their online assessment asked me questions that were made difficult because of my Asperger Syndrome. Many of the questions applied to customer interaction, which is something that I,

as an Aspergers patient, have trouble with. However, I was also applying for lots of jobs that don't involve customer interaction, such as a janitor, or a cart-pusher.

Due to a penal damages clause in a contract that we signed, I seek $345,000,000,000.00 in damages.

***** End of Description *****

If your case is of a technical nature, net-ARB has arbitrators who are engineers and people in software-related fields in addition to being lawyers or trained arbitrators.

net-ARB's fee for this case is $299 and David Stebbins has agreed to split the fee. The fee may later be re-apportioned by the arbitrator **only** if both parties request it. net-ARB guarantees neutrality regardless of how the fee is paid.

You can review the information we have as well as the Arbitration Agreement by using this link to our website: www.net-ARB.com/reply/?case=2922230. (If your email does not activate this link, please copy & paste or type it into your web browser.) Following registration, you will receive an email confirmation with additional instructions.

If you have any questions at all, please let us know. Our friendly Support team is always happy to help.


Sincerely,
net-ARB Support
www.net-ARB.com
Online Arbitration

**From:** support@net-ARB.com (support@net-ARB.com)
**To:** stebbinsd@yahoo.com; cstreply@wal-mart.com;
**Date:** Tue, November 16, 2010 6:30:06 PM
**Cc:**
**Subject:** Case # 2922230

This case has been closed at the request of the filing party.

net-ARB Support
internet-ARBitration
http://www.net-ARB.com

**Every civil contract should have an Arbitration Clause!** Arbitration assures fair, expedient and economical solutions to contract disputes. Non-appearance arbitration with net-ARB is literally as easy as answering your email. Construct an arbitration clause personalized for you at: http://www.net-ARB.com/arbitration_clause/