IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DAVID STEBBINS**                                                                 **PLAINTIFF**

**v.**                                        **CASE NO.  10-3086**

**WAL-MART STORES, INC.**                                    **DEFENDANT**

BRIEF IN SUPPORT OF WAL-MART'S
MOTION FOR SUMMARY JUDGMENT

Defendant Wal-Mart Stores Arkansas, LLC ("Wal-Mart"), erroneously identified as "Wal-Mart Stores, Inc.," by its attorneys, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., submits its Brief in Support of Motion for Summary Judgment.

## I.  Introduction

The present lawsuit is one of six *pro se* lawsuits that Plaintiff, David Stebbins, has filed in the Western District of Arkansas during 2010 and 2011.[1]  Wal-Mart previously filed a Motion for Partial Summary Judgment Related to Arbitration Claim seeking summary judgment and the dismissal with prejudice of Plaintiff's arguments related to enforcing an alleged arbitration award against Wal-Mart.  [Doc. # 22].  On April 14, 2011, U.S. Magistrate Judge Erin L. Setser entered a Report and Recommendation recommending that Wal-Mart's Motion for Partial Summary Judgment be granted.  [Doc.

---

[1]    *David Stebbins v. University of Arkansas and Office of the Chancellor*, Case No. 10-5125 (includes the arbitration argument made by Plaintiff in the present case); *David Stebbins v. Mid States Promotions and Jason Jones*, Case No. 10-3041; *David A. Stebbins v. Full Sail Univ.*, Case No. 10-3090; *David Stebbins v. Wal-Mart Stores, Inc.*, Case No. 10-3123 (consolidated with the present case); *David Stebbins v. Harp & Associates Real Estate Service*, Case No. 11-3029 (includes the arbitration argument made by Plaintiff in the present case); *David Stebbins v. NET-ARB, Inc.*, Case No. 11-3025 (suing an on-line arbitration company).

# 39].  On April 20, 2011, the Court adopted Judge Setser's Report and Recommendation and dismissed Plaintiff's claim related to arbitration.  [Doc. # 41].  Plaintiff has continued to file documents related to his arbitration claim, including a notice of appeal to the Eighth Circuit.  Wal-Mart has filed a responsive document and incorporated therein the arguments from its previously-filed Motion for Partial Summary Judgment.  [Doc. # 54].

The present Motion addresses the only remaining claim asserted by Plaintiff in this matter – his claim under the Rehabilitation Act of 1973.  [Doc. # 1].  Plaintiff asserts that Wal-Mart's "computerized assessment, which seemed like an interview" discriminated against him based on his diagnosis of Asperger Syndrome when he applied for a job at a Wal-Mart store in Harrison, Arkansas.  *Id*.  Plaintiff asserts that "the signature traits of Asperger Syndrome" include "tactlessness and social awkwardness," and he claims that he likely failed the assessment questions related to "customer interaction."  *Id*.  Plaintiff asserts that the computerized assessment works a disparate impact on individuals with Asperger Syndrome in violation of the Rehabilitation Act.

Under the clear terms of the relevant statute, Wal-Mart is not a covered entity under the Rehabilitation Act.  Therefore, even if Plaintiff could satisfy the remaining elements of his *prima facie* case, Wal-Mart is entitled to summary judgment and the dismissal with prejudice of Plaintiff's lawsuit.

## II.  Legal Authority and Relevant Facts

The Rehabilitation Act of 1973, as amended by the Civil Rights Restoration Act of 1987, provides:

> No otherwise qualified individual with a disability in the United States, as defined in section 705(20) of this title, shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination **under any program or activity receiving Federal financial assistance** or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a) (emphasis added).

In order to establish a violation of the Rehabilitation Act, a plaintiff has the burden of proving that he: (1) is a qualified individual with a disability; (2) was denied the benefits of a program or activity of a public entity receiving federal funds; and (3) his disability was the "sole impetus" for the adverse action. *See, e.g.*, *Wojewski v. Rapid City Reg'l Hosp., Inc.*, 450 F.3d 338, 344 (8th Cir. 2006); *Timothy H. v. Cedar Rapids Cmty. Sch. Dist.*, 178 F.3d 968, 971 (8th Cir. 1999).

Assuming, only for the purposes of this Motion, that Plaintiff's allegations satisfy the first and third elements of his *prima facie* case, Plaintiff cannot establish the requisite second element. Wal-Mart is not a "program or activity" as defined by 29 U.S.C. § 794(b).

Wal-Mart is not, of course, a department or agency of the government; it is not an "entity" of the government; it is not a college or university; and it is not a "local educational agency." *See* 29 U.S.C. § 794(b)(1)–(2). The question thus becomes whether Wal-Mart could fall under § 794(b)(3) which addresses corporations and private organizations. The answer is unequivocally, "no."

The statute provides:

For the purposes of this section, the term 'program or activity' means all of the operations of –

****

(3)(A) an entire corporation, partnership, or other private organization, or an entire sole proprietorship –

(i) if assistance is extended to such corporation, partnership, private organization, or sole proprietorship as a whole; or

(ii) which is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation; . . . .

****

any part of which is extended Federal financial assistance.

29 U.S.C. § 794(b)(3).

In *Squire v. United Airlines, Inc.*, the court succinctly summarized the Rehabilitation Act's application to a non-governmental entity: "An entire private corporation will only be covered under the amendments [to the Rehabilitation Act enacted in 1987] if financial assistance is granted to the corporation 'as a whole' or if it is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation." 973 F. Supp. 1004, 1008 (D. Colo. 1997). The court also explained that an entity receives "financial assistance" in the context of the Act only when it receives a "subsidy." *Id.*; *see also*, *O'Connor v. Metro Ride, Inc.*, 87 F. Supp. 2d 894, 897 (D. Minn. 2000) (noting that a private corporation does not receive Federal financial assistance unless it receives a subsidy).

4

In *Doe v. The Salvation Army*, a case in which the plaintiff alleged he was "unlawfully rejected" for employment, the court likewise recognized, "Congress specifically provided two different means by which an entire private entity may be classified as a 'program or activity.'" 2010 WL 4939628, *5 (S.D. Ohio, Nov. 30, 2010). The court quoted the above portions of 29 U.S.C. § 794(b). *Id*. In determining whether The Salvation Army received Federal financial assistance "as a whole," the court looked to the legislative history for guidance. *Id*. at *7. The court quoted from the legislative history, noting Congress' intent to encourage "a generally narrow interpretation of 'as a whole'":

> Federal financial assistance extended to a corporation or other entity "as a whole" refers to situations where the corporation receives general assistance that is not designated for a particular purpose. Federal financial assistance to the Chrysler Company for the purpose of preventing the company from going bankrupt would be an example of assistance to a corporation "as a whole." Federal aid which is limited in purpose, e.g., Job Training Partnership Act (JTPA) funds, is not considered aid to the corporation as a whole, even if it is used at several facilities and the corporation had the discretion to determine which of its facilities participate in the program. A grant to a religious organization to enable it to extend assistance to refugees would not be assistance to the religious organization as a whole if that is only one among a number of activities of the organization. Further, federal financial assistance that is earmarked for one or more facilities of a private corporation or other private entity when it is extended is not assistance to the entity "as a whole." Nor does S. 557 embody a notion of "freeing up." Federal financial assistance to a corporation for particular purposes does not become assistance to the corporation as a whole simply because receipt of the money may free up funds for use elsewhere in the company.

*Id*. In *Doe*, the court concluded that "[b]ecause The Salvation Army does not receive funding as a whole and is not principally engaged in the business of social services, it is

not a 'program or activity' within the meaning of 29 U.S.C. § 794(b)(3)(A)." *Id*. at *9. The court granted The Salvation Army's motion for summary judgment. *Id*.

In *Boswell v. SkyWest Airlines, Inc.*, the plaintiff filed suit under the Rehabilitation Act because SkyWest refused to supply her with medical oxygen on its flights between St. George, Utah and Salt Lake City. 217 F. Supp. 2d 1212, 1213 (D. Utah 2002). Plaintiff alleged that SkyWest had a duty to accommodate her lung disease. *Id*. SkyWest filed a motion for summary judgment arguing, among other things, that it is not a covered entity under the Rehabilitation Act. The court noted that SkyWest received payments under the "EAS Program" from the Department of Transportation because it agreed to serve "particular rural airports and potentially unprofitable routes." *Id*. at 1217. The court determined, however, that "SkyWest does not receive federal financial assistance 'as a whole' from DOT." *Id*. at 1218. The court explained, "It does not receive the EAS Program money generally." *Id*. "Rather, SkyWest receives monthly payments contingent on providing actual flight service on three particular routes." *Id*. As in *Squire*, *supra*, the court explained that the Rehabilitation Act can be triggered by a federal subsidy to the corporation "as a whole," not by "government intent to provide compensation." *Id*. at 1219 (internal quotations and citations omitted). The court granted SkyWest's motion for summary judgment. *Id*. at 1224.

Although *Squire*, *Doe*, *SkyWest*, and the other cases cited above provide insight and guidance in the application of the Rehabilitation Act, one need look no further than the language of the statute itself to determine that Wal-Mart is not covered by the Act. Because Wal-Mart is a private entity, the Rehabilitation Act applies to it only if: (1)

Federal financial assistance is extended to Wal-Mart "as a whole," or (2) Wal-Mart is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation.

Wal-Mart Stores, Inc., through various operating entities, operates the largest retail company in the world. *See* Declaration of Carol Johnston, ¶ 3, attached to Wal-Mart's Motion as Exhibit "1." Wal-Mart's 2011 Annual Report reflects this fact and provides specific details regarding the company's operation and plans for the future. *See* Annual Report attached to Johnston Declaration, p. 16 ("Wal-Mart Stores, Inc. operates retail stores in various formats around the world . . . .) and p. 2 ("There is no doubt that Walmart is the best-positioned global retailer to address the needs of customers around the world"). During fiscal year 2011, Wal-Mart's net sales were $419 billion. *See* Annual Report, p. 1.

It is beyond dispute that Wal-Mart is not principally engaged in the business of providing education, health care, housing, social services, or parks and recreation. *See* Johnston Declaration, ¶ 4. Likewise, while Wal-Mart comes in contact with some Federal programs through reimbursements it receives as result of filling prescriptions of Medicaid and Medicare-insured customers or selling certain groceries to those who utilize federal food and nutrition programs like WIC and SNAP, Wal-Mart simply does not receive Federal subsidies "as a whole." *See* Johnston Declaration, ¶ 5. The above-quoted legislative history reflects that when the Federal government provides a bailout to prevent a company from "going bankrupt," this is the type of subsidy that triggers coverage under the Act. No such subsidy is present here.

7

Because Wal-Mart is not principally engaged in providing education, health care, housing, social services, or parks and recreation – but is instead a retail chain – and Wal-Mart does not receive Federal financial assistance "as a whole," the Rehabilitation Act of 1973, as amended, does not provide Plaintiff with a cause of action against Wal-Mart.

### III.  Conclusion

Wal-Mart is entitled to summary judgment on the sole remaining legal claim in this matter.  Plaintiff's claim of discrimination under the Rehabilitation Act of 1973, as amended, should be dismissed with prejudice.

Respectfully submitted,

**/s/ Marshall Ney**
Ark. Bar No. 91108
**/s/ Kathlyn Graves**
Ark. Bar No. 76045
**/s/ Jeffrey L. Spillyards**
Ark. Bar No. 2004159

Mitchell, Williams, Selig,
Gates & Woodyard, P.L.L.C.
425 West Capitol Ave., Suite 1800
Little Rock, Arkansas 72201
(501) 688-8800
*mney@mwlaw.com*
*kgraves@mwlaw.com*
*jspillyards@mwlaw.com*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 13th, 2011, I mailed this document by U.S. Mail to the following non CM/ECF participant:

David A. Stebbins
1407 N. Spring Rd., Apt. # 5
Harrison, Arkansas 72601

**/s/ Jeffrey L. Spillyards**