U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED
MAY 16 2011
CHRIS R. JOHNSON, CLERK
BY
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                      PLAINTIFF

vs.                                  Case No. 10-3086

WAL-MART STORES, INC.                                                       DEFENDANTS

### BRIEF IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' RESPONSE IN OPPOSITION TO SECOND MOTION TO CONFIRM ARBITRATION AWARD AND MOTION FOR DEFAULT

Comes now Plaintiff David Stebbins, who respectfully submits the following brief in support of my motion to strike the Defendants' response in opposition to my second motion to confirm an arbitration award ("Defendants' response in opposition").

Evidence is inadmissible if it is irrelevant. See Rule 402 of the Federal Rules of Evidence. In the Defendants' response in opposition, they included excerpts from the contract to which I am attempting to bind them. They knew that I had censored the copy of that contract that I sent to the court, and they included these excerpts in order to get around my censorship.

I censored it for a reason. The arbitrator must decide the validity of a contract, unless the arbitration clause itself is being challenged. See *Buckeye Check Cashing Inc. v. Cardegna* 546 U.S. 440 (2006) ("Buckeye").

*Buckeye* has explicitly stated that the additional provisions of the contract in question, other than the arbitration clause, are irrelevant in a court case involving an arbitration dispute. Therefore, the additional excerpts are irrelevant, and thus should be stricken from the record, accordingly.

Not only should this court strike Exhibit I of the Defendants' Response in Opposition, but other excerpts from the contract are present in the Response in Opposition itself. Therefore, the Response in Opposition, in its entirety, should be struck.

Because their response in opposition is being stricken from the record, the Defendants are left

defenseless, and my second motion to confirm the arbitration award is left unopposed. Furthermore, by the time this motion is granted, the Defendants' time frame with which to file a response in opposition will have passed. They only have two weeks to file a response in opposition. See Local Rule 7.2(b). However, by the time this motion gets ruled on, that deadline will have expired, and thus the Defendants will have officially failed to defend against the second motion. Therefore, Default is proper. See Fed. R. Civ. P. Rule 55.

They *can* move to set aside the default on the grounds of mistake. See Fed. R. Civ. P. Rule 60(b)(1). However, once they have appeared in the litigation, and then disappeared, as is the case here, then Rule 60(b) relief becomes an extraordinary remedy that should only be given in the presence of exceptional circumstances justifying relief. See Ansari v. NCS Pearson, Inc., 8th Cir., Case No. 10-3176 ("Rule 60(b) movant must demonstrate exceptional circumstances justifying relief"). I do not think that they will be able to do that.

Wherefore, I respectfully pray that you strike the Defendants' Response in Opposition, subsequently declare the Defendants in default, subsequently grant the second motion to confirm the arbitration award, award costs incurred, and other relief that the court finds appropriate.

It is so requested, on this 13th day of May, 2011.

/s/ David Stebbins
David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                      PLAINTIFF

vs.                                    Case No. 10-3086

WAL-MART STORES, INC.                                               DEFENDANTS

## CERTIFICATE OF SERVICE

I, Plaintiff David Stebbins, hereby certify that a true and correct copy of the Plaintiff's
- Motion to Strike Defendants' Response in Opposition to Second Motion to Confirm Arbitration Award and Motion for Default,
- Brief in Support of Motion to Strike Defendants' Response in Opposition to Second Motion to Confirm Arbitration Award and Motion for Default,
- Reply Suggestion to Second Motion to Confirm Arbitration Award, and
- Supplement to my Motion for Reconsideration

were all served on Jeffrey Spillyards, attorney for the Defendants, by mailing a copy to 425 W. Capitol Ave., Suite 1800, Little Rock, Ar 72201 on the 13th day of May, 2011.

*[signature]*

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com