IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                PLAINTIFF

vs.                                  Case No. 10-3086

WAL-MART STORES, INC.                                                   DEFENDANTS

## REPLY SUGGESTION TO MOTION TO CONFIRM ARBITRATION AWARD

Comes now Plaintiff David Stebbins, who hereby submits the following reply suggestion to my second motion to confirm the arbitration award.

The Defendants have not disputed my assertion that they are time barred from challenging the confirmation of the arbitration award. Therefore, the lack of timeliness is admitted by default. See Fed. R. Civ. P. Rule 8(b)(6) ("A matter is admitted if a responsive pleading is required and a matter is not denied.").

The Defendants argue *res judicata*, but they do not seem to realize that this is an entirely new arbitration agreement, with an entirely new acceptance method. It makes me wonder if they even *read* the original motion. I explicitly gave an explanation for why this motion should *not* be denied on the grounds of *res judicata*.

Because they did not address *this* motion to confirm the arbitration award on its merits, the Defendants have admitted to it by default. See Fed. R. Civ. P. Rule 8(b)(6). See also Local Rule 56.1(c) (" All material facts set forth in the statement filed by the moving party pursuant to paragraph (a) shall be deemed admitted unless controverted by the statement filed by the non☐moving party under paragraph (b)").

Of course, the second citation I provided deals with motions for summary judgment. However, I believe that a motion to confirm an arbitration award should be treated in a similar procedural manner to that of motions for summary judgment, for a variety of reasons.

1. The motion is quite dispositive.

2. You have all the facts you need, right in front of you, and all that is left is judgment as a matter of law. That is summary judgment 101.

3. Confirmation of an arbitration award is supposed to be quick, painless, and smooth. Treating the motion like a motion for summary judgment would best serve that interest.

4. The case of *Sheet Metal Workers International Association, Local Union No. 36, v. Systemaire, Inc.*, 241 F.3d 972 (8th Cir. 2001), which binds this court (especially on the matter of being time-barred), used "motion for summary judgment" and "motion to enforce arbitration award" interchangeably.

Therefore, aside from their baseless argument of *res judicata*, the defendants have admitted everything else by default, including the validity of my other arbitration agreement, and, ultimately, the otherwise valid right to have this arbitration award confirmed.

The Defendants have filed their suggestion in opposition, and I have filed my reply suggestion. Therefore, the suggestions are now closed, and we humbly await your decision.

Wherefore, I respectfully pray that you grant my second motion to confirm the arbitration award, grant the motion for reconsideration of my first motion to confirm the arbitration award, subsequently grant the first motion to confirm the arbitration award, award costs incurred, and other relief that the court finds appropriate.

It is so requested on this 13th day of May, 2011.

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                  PLAINTIFF

vs.                                    Case No. 10-3086

WAL-MART STORES, INC.                                                           DEFENDANTS

## CERTIFICATE OF SERVICE

I, Plaintiff David Stebbins, hereby certify that a true and correct copy of the Plaintiff's
- Motion to Strike Defendants' Response in Opposition to Second Motion to Confirm Arbitration Award and Motion for Default,
- Brief in Support of Motion to Strike Defendants' Response in Opposition to Second Motion to Confirm Arbitration Award and Motion for Default,
- Reply Suggestion to Second Motion to Confirm Arbitration Award, and
- Supplement to my Motion for Reconsideration

were all served on Jeffrey Spillyards, attorney for the Defendants, by mailing a copy to 425 W. Capitol Ave., Suite 1800, Little Rock, Ar 72201 on the 13th day of May, 2011.

David Stebbins
1407 N Spring Rd,
APT #5
Harrison, AR 72601
870-204-6024
stebbinsd@yahoo.com