IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**DAVID STEBBINS**                                                                           **PLAINTIFF**

**v.**                                    **CASE NO.  10-3086**

**WAL-MART STORES, INC.**                                        **DEFENDANT**

**REPLY IN SUPPORT OF WAL-MART'S
MOTION FOR SUMMARY JUDGMENT**

Defendant Wal-Mart Stores Arkansas, LLC ("Wal-Mart"), erroneously identified as "Wal-Mart Stores, Inc.," by its attorneys, Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C., submits its Brief in Support of Motion for Summary Judgment.

As noted in Wal-Mart's previous Brief, because the company is a private entity, the Rehabilitation Act applies to it only if: (1) Federal financial assistance is extended to Wal-Mart "as a whole," or (2) Wal-Mart is principally engaged in the business of providing education, health care, housing, social services, or parks and recreation. Case law and the legislative history make clear that an entity receives Federal financial assistance "as a whole" only when it receives "general assistance" in the form of a "subsidy," such as "Federal financial assistance to the Chrysler Company for the purpose of preventing the company from going bankrupt." In his Suggestion in Opposition to Motion for Summary Judgment, Plaintiff contends that a "genuine issue of fact exists" as to whether Wal-Mart receives such funds. [Doc. # 62]. Plaintiff does not, however, even offer speculation or conjecture as to any example.

Because Plaintiff has not even attempted to meet proof with proof for purposes of overcoming Wal-Mart's Motion for Summary Judgment, nor could he, the Motion should be granted. To the extent Plaintiff seeks to delay the Court's ruling on Wal-Mart's Motion, Wal-Mart respectfully requests that the Court set a date certain in the very near future at which time it will take up Wal-Mart's Motion. *See Stanback v. Best Diversified Prods., Inc.*, 180 F.3d 903, 910 (8th Cir. 1999) (court has discretion to determine when a motion for summary judgment is ripe for decision based on the amount of time provided for discovery).

WHEREFORE, Wal-Mart respectfully requests that its Motion for Summary Judgment be granted, that Plaintiff's Complaint be dismissed with prejudice, for its costs and attorneys' fees, and for all other relief to which it may be entitled.

Respectfully submitted,

**/s/ Marshall Ney**
Ark. Bar No. 91108
**/s/ Kathlyn Graves**
Ark. Bar No. 76045
**/s/ Jeffrey L. Spillyards**
Ark. Bar No. 2004159

Mitchell, Williams, Selig,
Gates & Woodyard, P.L.L.C.
425 West Capitol Ave., Suite 1800
Little Rock, Arkansas 72201
(501) 688-8800
*mney@mwlaw.com*
*kgraves@mwlaw.com*
*jspillyards@mwlaw.com*

## **CERTIFICATE OF SERVICE**

    I hereby certify that on May 23, 2011, I mailed this document by U.S. Mail to the following non CM/ECF participant:

David A. Stebbins
1407 N. Spring Rd., Apt. # 5
Harrison, Arkansas 72601

                                              **/s/ Jeffrey L. Spillyards**